Christopher J. Hamner, Esq. (SBN 197117)
Amy T. Wootton, Esq. (SBN 188865)
**HAMNER LAW OFFICES, APC**
555 W. 5th Street, 31st Floor
Los Angeles, California 90013
Telephone:(213) 533-4160
Facsimile: (213) 533-4167
chamner@hamnerlaw.com
awootton@hamnerlaw.com

Attorneys for Plaintiff SERGIO AQUINO,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGIO AQUINO, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CEVA LOGISTICS U.S. INC., a Delaware corporation, CEVA FREIGHT MANAGEMENT INTERNATIONAL, INC., a Delaware corporation, CEVA HOLDINGS, LLC, a Delaware limited liability company and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:14-cv-01795-VAP (DTBx)<br><br>**DECLARATION OF CHRISTOPHER J. HAMNER IN IN SUPPORT OF MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARDS, AND SETTLEMENT ADMINISTRATION EXPENSES**<br><br>[Filed concurrently with Notice of Motion and Motion for Attorney Fees, Costs, Incentive Award and Settlement Administration Expenses, Declarations of Laura Ortiz, Sergio Aquino, and [Proposed] Order]<br><br>Complaint Filed: July 15, 2014<br>Trial Date:       None set<br><br>**Date:          June 13, 2016**<br>**Time:          2:00 p.m.**<br>**Courtroom:   740** |

1

## DECLARATION OF CHRISTOPHER J. HAMNER

I, Christopher J. Hamner, pursuant to 28 U.S.C § 1746, declare as follows:

1. **Class Counsel Adequacy:**   I am the principal owner of Hamner Law Offices, APC, counsel of record for Plaintiff and the putative class in this matter.  I am duly admitted to practice before all the courts of the State of California.  The following facts are within my personal knowledge and if called to testify I could and would competently testify thereto.

2. **Summary of Claims and Procedural History:**  Plaintiff filed this action in Riverside County Superior Court on July 15, 2014 alleging claims for: (1) Failure to pay Hourly Wages (Lab. Code, §200-204, 1194; IWC Order 2-2001); (2) Failure to Pay Overtime Wages (Lab. Code, §200-204,  1194; IWC Order 2-2001); (3) Failure to Provide Meal Periods or Compensation in Lieu Thereof (Lab. Code  § 226.7; IWC Order 5; Cal. Code Regs., Title 8 § 11050); (4) Failure to Provide Rest Periods or Compensation in Lieu Thereof (Lab. Code  §§ 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050); (5) Failure to Pay Wages of Terminated or Resigned Employees (Lab. Code,  §§ 201-203); (6) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions (Lab. Code, § 226 (a),(b)); and (7) Violations of the Unfair Competition Law (Bus. & Prof. Code, §§ 17200-17208) (hereinafter "the Action").

## **Class Counsel Performed Extensive Work Prior To and After Reaching the**

## **Settlement**

3.     This case has been actively and zealously litigated.  The work performed was reasonable and necessary, and included the following tasks:

- extensive pre-filing investigation and research into elements of the potential claims to be asserted on behalf of the class members;

- interviewing putative class members;

- communicating with the class representative regarding his claims and potential witnesses;

- preparing an initial complaint;

- researching the law pertinent to Defendant's Notice of Removal and Plaintiff's Motion for Remand, reviewing Defendants' Opposition to the Motion for Remand and detailed declarations, Preparing a Reply in Support of the Motion for Remand and attending the hearing on the Motion for Remand;

- reviewing the employment records of the Plaintiff;

- reviewing responsive pleadings filed by the defendant in each case;

- engaging in the Early Conference of Counsel pursuant to Rule 26(f);

- preparing the Joint Report to the Court in compliance with Rule 26;

- preparing and reviewing each side's Initial Disclosures;

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND
SETTLEMENT ADMINSTRATION EXPENSES

- preparing written discovery requests (including interrogatories, request for admissions, and document requests) to each defendant;

- reviewing and responding to discovery requests on behalf of Plaintiff (including interrogatories, request for admissions, and document requests);

- communicating with Plaintiff regarding the discovery requests and deposition notice;

- reviewing CEVA's wage and hour policies, personnel records, security policies, records from the temporary staffing company and video footage of the facilities at issue.

- Reviewing the declarations from CEVA's Directors of Operations, CEVA's Vice President of Logistics Operations, and its Senior Human Resources Manager which contained extensive information regarding, *inter alia*, Defendants' facilities, security procedures, operations, pay rates, number of employees, and work shifts.

- communicating with opposing counsel regarding a myriad of issues, including potential liability, video footage, issues pertaining to the temporary staffing agency, subpoenas issued by defendants, and arbitration agreement;

- attending a scheduling conference;

- researching and distinguishing *Integrity Staffing Solutions, Inc. v. Busk* (2014) 135 S. Ct. 513, which came down during the pendency of this action.

- legal research regarding the enforceability of arbitration agreements by a non-signatory;

- reviewing and opposing Defendants' Motion to Compel Arbitration (See Docket Nos. 28-30), and this Court's denial of CEVA's Motion to Compel Arbitration (Docket No. 35);

- reviewing Defendant's notice of appeal of this Court's denial of the Motion to Compel Arbitration.  (Docket No. 36);

- researching and preparing a detailed mediation brief, discussions with our consultant, with traveling to and attending a full-day mediation, and participating in the mediation process;

- negotiating many details of the settlement after the mediation;

- preparing and revising the lengthy and complex Settlement Stipulation, exhibits thereto, and related documents;

- reports to and discussions with the class representative regarding settlement terms;

- preparing and revising the motion for preliminary approval and the supporting documents and declarations;

5

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND SETTLEMENT ADMINSITRATION EXPENSES

- communicating with defense counsel throughout the pendency of the litigation;

- reports to and discussions with the class representative regarding the claims process;

- reports to and discussions with the class representative the final approval motions and declarations;

- communicating with CAA regarding the notice and claims process;

- preparing the motion for final approval, the motion for attorneys' fees, costs, enhancement awards and settlement administration costs and accompanying declarations.

As set forth above, my co-counsel, Amy Wootton, and I conducted a detailed investigation of the claims of the putative class, reviewed CEVA's wage and hour policies, personnel records, security policies, records from the temporary staffing company and video footage of the facilities at issue. CEVA also provided and we reviewed detailed declarations from CEVA's Directors of Operations, CEVA's Vice President of Logistics Operations, and its Senior Human Resources Manager. These documents contained extensive information regarding, *inter alia*, Defendants' facilities, security procedures, operations, pay rates, number of employees, and work shifts. Additionally, in investigating the claims at issue, my co-counsel and I spent a significant amount of time researching and distinguishing *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513 (2014), which came down during the pendency of this

6

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND
SETTLEMENT ADMINSITRATION EXPENSES

action. Defense counsel argued that *Integrity Staffing Solutions* was applicable to the instant case, and we analyzed, briefed and strenuously argued prior to mediation, in our mediation brief, and during the mediation that the holding was inapplicable to the claims asserted in this litigation on behalf of plaintiff and the class. Further, my co-counsel and I participated in telephone conferences and written communications with counsel and the mediator after the mediation and after the drafting of the settlement stipulation regarding the claims at issue in the litigation. All of these tasks were reasonable and necessary to the prosecution of this case. Further, the amount of time spent on these tasks was reasonable and justified.

### Arm's Length Mediation Before An Experienced and Well-Respected Class Action Neutral

4.     **Mediation:** Following the exchange of information and documents, and law and motion, counsel for the Parties agreed to participate in a mediation before Joel Grossman, an experienced neutral who specializes in resolving wage and hour matters, including class action matters. On May 28, 2015, the Parties attended a full day mediation before Mr. Grossman. At the conclusion of the mediation, and as a result of arms-length negotiations facilitated by Mr. Grossman, the Parties reached agreement on a settlement and the material terms, and the Parties continued to negotiate at arms-length the balance of the terms described in the Settlement Agreement through the date it was executed by the Parties.

///

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND SETTLEMENT ADMINSITRATION EXPENSES

## Settlement Summary & Favorable Terms Supporting Approval

5.     **Settlement Terms**:  After considering all the risks and evaluating all available evidence, the parties reached agreement on a *non-reversionary* settlement of $350,000.  The Settlement applies to all Class Members who do not timely opt-out of the Settlement during the Settlement Class Period.  The proposed non-reversionary class action settlement presented here to the Court provides a substantial monetary settlement in the amount of $350,000 to the Class Members.  The Net Settlement Amount is calculated by deducting from Defendants' total payment of  $350,000.00 the following sums:   (1) attorneys' fees up to $87,500 which is 25% of the settlement, subject to Court approval; (2) for past, present and future costs of up to $25,000.00, subject to Court approval (we are seeking $24,089.90); (3) an enhancement award of $5,000.00 for Named Plaintiff/Class Representative (the Court preliminarily approved $1,500 for the Class Representative); and (4) estimated settlement administration costs of $30,000.00 (the settlement administrative costs total $33,500, see Declaration of Laura Ortiz, ¶20).  Attached hereto as Exhibit 1 is a true and correct copy of the Joint Stipulation of Class Action Settlement ("Settlement Stipulation,"), paragraphs 32-35.)  Settlement payments to the Class Members with valid and timely claims will be made from the Class Settlement Amount.  These payments will be calculated by the Settlement Administrator and paid out as set forth in the Settlement Stipulation.  (See Exhibit 1, paragraph 39)  Some of the Individual Settlement Payments may remain unclaimed because a Class Member was not located, submitted a valid request for

8

exclusion, failed to submit a valid Claim Form, and/or failed to cash his or her Individual Settlement Payment Check within 120 days of its issuance.  These amounts are referred to as "unpaid residuals in class action litigation" and will *not revert to Defendant*.  Instead, those funds will escheat to the State of California's unclaimed property fund.  (See Settlement Stipulation, Exhibit 1, paragraph 57.)

6.   The Settlement Class is defined as follows: all current and former non-exempt employees employed by Defendants at CEVA's Mira Loma Fulfillment Center in the State of California from July 15, 2010 through September 30, 2013, and includes persons paid through third-party staffing agencies.  The Settlement Class fall into the following two Sub-Classes:

5(a)   "CEVA Sub-Class Members" means all current and former non-exempt employees directly employed by Defendants at CEVA's Mira Loma Fulfillment Center in the State of California from July 15, 2010 through September 30, 2013.

5(b)   "Temp Sub-Class Members" means all current and former non-exempt employees placed by and paid through third-party staffing agencies and placed at CEVA's Mira Loma Fulfillment Center in the State of California from July 15, 2010 through September 30, 2013.

(See Exhibit 1, paragraph 5.)

7.   **Calculation of Individual Settlement Payments:**  The proposed settlement provides for an equitable distribution of the settlement.  Settlement Payments will be determined based upon the number of workweeks a Class Member worked for Defendant and the hourly rate of each Class Member.  (See Exhibit 1, paragraph 39.)

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND SETTLEMENT ADMINSITRATION EXPENSES

## Adequacy of the Settlement

8.     Based on our investigation and evaluation of the pending case, I am of the opinion that the settlement reached in this Action is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of losing a motion for class certification, defendant's claimed defenses, significant delay, and potential appellate issues.  The Parties further recognize that the issues presented in the Action are likely only to be resolved with extensive and costly pretrial proceedings and that further litigation will cause inconvenience, distraction, disruption, delay and expense disproportionate to the potential benefits of litigation and have taken into account the risk and uncertainty of the outcome inherent in any litigation.

9.     In reaching this Settlement, my co-counsel and I took into consideration the fact that to succeed in this Action Plaintiff would have to obtain class certification and prevail on each and every element of his claims.  While Plaintiff believes that his case is suitable for class certification in that there were company-wide policies and practices that affected all Class Members, we recognize the significant and inherent risks in proceeding through protracted litigation.

10.     Plaintiff contends that he and the class have viable claims against CEVA. Plaintiff contends that he and the class were owed compensation for the time spent waiting and undergoing security screenings.  CEVA contends that any time spent undergoing security screenings was *di minimis* and therefore not compensable.  Plaintiff

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND SETTLEMENT ADMINSITRATION EXPENSES

also contends that Class Members are entitled to Labor Code Section 203 penalties if they were owed ages, such as for overtime and meal and rest claims. However, my co-counsel and I recognize the difficulties present in proving any claim for waiting time penalties, given the ability to negate the penalties based on a good faith dispute that any wages are due. While Plaintiff believes he has arguments and evidence to counter each one of CEVA's positions, there is no guarantee that a jury would agree. Plaintiff's claim under Labor Code Section 226 is based on the section's requirement that accurate earnings be listed on itemized wage statements. Plaintiff contends the wage statements were deficient because the Class Members were owed wages for missed meal and rest periods and overtime. CEVA strenuously disputes this.

11.    Class counsel balanced the terms of the proposed Settlement against the probable outcome of class certification, liability, and the range of recovery at trial. The risks of losing class certification, losing at trial, or not recovering as much as provided by the proposed Settlement, the lengthy process of litigating to judgment, and various possible delays and appeals all were carefully considered by Class Counsel before Plaintiff agreed to the proposed Settlement, which is fair, adequate and in the best interests of the Class.

12.    The Settlement was reached as a result of arm's-length negotiations facilitated by an experienced wage and hour mediator. Though cordial and professional, the settlement negotiations have been, at all times, adversarial and non-collusive in nature. Indeed, continued good faith but occasionally contentious

11

negotiations were required to ultimately reach agreement.  While Plaintiff believes in the merits of his case, he also recognizes the inherent risks of litigation and understands the benefit of the class receiving significant settlement funds immediately, as opposed to risking an unfavorable decision on class certification, the merits of the case after trial, the damages awarded, and/or on an appeal that can take several more years to litigate. It is my strong opinion that the settlement not only falls within the range of possible judicial approval, but represents an excellent recovery on behalf of the Class.

13.   **Named Plaintiff**:  The preliminarily-approved class representative, Plaintiff Sergio Aquino, was employed by CEVA between October 2012 and March 2013. Plaintiff was subjected to security screenings during his employment with CEVA. Plaintiff holds no conflict with the proposed class and he has actively participated in the litigation despite tangible risks to himself.  Plaintiff is a member of the Class which he seeks to represent and his claims that he was not paid all wages owed, denied compliant meal and rest breaks, denied accurate wage statements and denied all earned wages owed at the time of termination is typical of the claims of the Class.  Plaintiff suffered injury from the same specific actions that harmed other members of the Class and his claims are typical of the Class as a whole because they arise from the same factual basis and are based on the same legal theories as those applicable to the Class Members.

Plaintiff has served as class representative with diligence and dedication.  Plaintiff has also actively participated in the prosecution of the lawsuit.  He has communicated regularly through e-mail, teleconferences, and meetings with counsel.  Plaintiff

12

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND SETTLEMENT ADMINSITRATION EXPENSES

provided responses and responsive documents in response to written discovery, was prepared to sit for deposition, participated in settlement negotiations, and was fully engaged in investigations with counsel regarding the allegations in this Action. Plaintiff has continued to participate in the notice and claims process and has been accessible to counsel throughout. Plaintiff has acted in the best interests of the Class Members, will continue to do so, and has no conflicts with the Class.

14.     My co-counsel and I have expended a substantial amount of time and effort in prosecuting this action and achieving substantial benefits for the Class. Further, a substantial amount of additional work will be done by Class Counsel through the settlement approval process. I believe that the fee award requested is reasonable and appropriate in light of the fact that Class Counsel successfully negotiated a class wide settlement that provides for $350,000 *non-reversionary* settlement for approximately 1,857 class members (See Ortiz Decl., ¶6) (initially, it was believed that there may be 2,500 class members, see Exhibit 1, ¶38.) The fee award is also fair and appropriate in light of the contingent nature of the case, the complexity of the issues, and the substantial financial risks that Class Counsel assumed. These types of cases, when performed effectively, as was the case here, involve a substantial amount of time necessarily require counsel to turn down other work. Moreover, a substantial amount of additional work will be done by Class Counsel following the submission of the instant motion.

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND SETTLEMENT ADMINSTRATION EXPENSES

## Class Counsel Has Significant Experience In Class Action Litigation

15.   **Class Counsel Adequacy:**   My co-counsel and I are experienced in employment law and wage-and-hour class actions and we are experienced and qualified to evaluate the class claims and to evaluate settlement versus trial on a fully informed basis, and to evaluate the viability of the defenses.  My firm and I have litigated and negotiated many wage-and-hour class settlements.  Some of these settlements include the following:

(a)   *Sodajohn Lam v. Walt Disney World Co.*, Orange County Superior Court case no.: 30-2008-00044743, $2.5 million dollar wage and hour settlement approved with no objections.  55,691 class members.

(b)   *Nathan Swanner v. Patina Group LLC*, et al., Los Angeles Superior Court case no.: BC 386583, (consolidated with Galavis v. Patina Group, LLC, LASC case no.: BC 375225 and Bates v. Patina Restaurant Group, LLC, LASC case no.: BC 376734), $2.5 million dollar settlement approved with no objections.  10,822 class members.

(c)   *Dawn Fairchild, et al. v. AOL*, LLC, US District Court, Central District case no.: CV 09-03568 CAS (PLAx) (co-counsel); injunctive relief for 60 million AOL subscribers;

(d)   *Donte Madison v. Cedar Fair*, et al., Orange County Superior Court case no.: 30-07CC01407 and 2009-00255816; $9,000,000 wage and hour settlement approved with no objections.  48,156 class members.

14

(e)    *Tawnya Miliaresis v. Ovations Fanfare*, et al., Orange County Superior Court case no.: 30-2009-00268655; $1,600,000 wage and hour settlement approved with no objections.  5,042 class members.

(f)    *Moore v. Snow Summit*, San Bernardino Superior Court case no.: CIVVS1003420, (December 9, 2011); $700,000 wage and hour settlement approved with no objections. 1,338 class members.

(g)    *Gomez, et al v. Cabo Cantina, LLC*, et al., Los Angeles Superior Court case no. BC 442468 (April 4, 2012); $875,000 wage and hour settlement approved with no objections.  1,148 class members.

(h)    *Sarkisian, et al. v. Symantec*, Inc., Los Angeles Superior Court Case no.: BC 423476; $1,700,000, (March 18, 2011); misclassification settlement approved with no objections. 151 class members.

(i)    *Venturini v. Genentech, Inc.*, Alameda Superior Court case no.: CGC-09-492494; $4,500,000, (March 4, 2011); misclassification settlement approved with no objections.  164 class members.

(j)    *Bills v. Sutter Health*, Alameda Superior Court case no.: RG09465894 (April 7, 2011); $12,485,000 misclassification settlement approved with no objections.

(k)    *Chan v. Paypal*, Santa Clara Superior Court Case no. 1-10-CV-168947, (January 27, 2012); $4,061,000 misclassification settlement approved with no objections. 1,189 class members.

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND SETTLEMENT ADMINSITRATION EXPENSES

(l)    *Vu v. eBay*, Santa Clara Superior Court case no.: 1-10-CV-167040; $5,502,295; (January 27, 2012); misclassification settlement approved with no objections. 1,786 class members.

(m)    *Babasa v. Comerica*, U.S. District Court, Southern District, 11-CV-00595-JAH- (BGS) $950,000; (October 10, 2012) misclassification settlement approved with no objections. 400 class members.

(n)    *Maybaum v. Toys R Us,* Los Angeles Superior Court Case number BC479060; $1,1400,000; (December 7, 2012); settlement approved with no objections.

(o)    *Thomas v. Cognizant Technologies*, US District Court, Central District, SACV 11-1123 JST (ANx) $4,000,000; (June 24, 2013); misclassification settlement approved with no objections.  797 class members.

(p)    *Frost, et al v. Shakey's USA, Inc.*, Orange County Superior Court Case no.: 30-2011-00437536-CU-OE-CXC, $275,000.00; (July 30, 2014); misclassification settlement approved with no objections.  51 class members.

(q)    *Ahdoot/Clark v. Babolat VS North America, Inc*. US District Court, Central District, Case No. CV13-02823 VAP (Consolidated with CV13-7898 VAP) $4,500,000 (April 6, 2015) consumer claims settlement approved with no objections.[1]

---

[1] This Court approved the requested hourly rates for me and Amy Wootton in the Ahdoot/Clark v. Babolat matter in April 2015.

16

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND SETTLEMENT ADMINSITRATION EXPENSES

1    (r)    *Finton, et al v. Intuit, Inc.*, Santa Clara Superior Court, 12-CV-

2    223023, $1,500,000 (June 19, 2015); misclassification settlement approved with no

3    objections.  108 class members.

4
5    16.    Counsel on both sides share the view that the Settlement is fair and

6    reasonable in light of the complexities of the case and uncertainties of class certification

7    and litigation, and represents a fair and reasonable recovery for the class.   Class

8    Counsel is convinced that the Settlement is in the best interest of the class based on their

9    pre-mediation investigation and discovery, their detailed understanding of the issues

10

11   raised in this action, and the outcome of long negotiation process assisted by an

12   exceptionally experienced and knowledgeable mediator.

13

14   17.    To date, there have been no objections or requests for exclusion from any

15   class member communicated to CAA or Class Counsel.  (See also Declaration of Laura

16
17   Ortiz).  This fact further supports our position that the Settlement is fair, adequate and

18   in the best interests of the Class.

19
     **Class Counsel's Attorneys' Fees Request Is Reasonable**
20

21   18.    According to the Laffey Matrix, a true and correct copy of which is attached

22   hereto as Exhibit 2, a reasonable hourly rate for an attorney, such as Amy T.

23   Wootton, with 19+years of experience (graduating Law School in 1996), or me with

24
25   18+years of experience (graduating Law School in 1997), without any upward

26   adjustment for Los Angeles County, is $661.  Given our skill and experience almost

27
28   exclusively litigating complex class actions, as well as the complexity and

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND
SETTLEMENT ADMINSITRATION EXPENSES

specialization of these particular proceedings and the claims alleged therein, the

requested hourly rate of $525 for Ms. Wootton and the requested hourly rate of $550

for me, are, reasonable and fair and in line with lawyers of comparable skill,

experience, and reputation providing similar services.

### Summary of Attorney Hours and Fees

19.    Attached hereto as Exhibit 3 are true and correct time records for Amy T.

Wootton and me.  Below is a summary of these attorneys' fees:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Christopher J. Hamner, Esq. | 57.2 | $550 / hour | $31,460 |
| Amy T. Wootton, Esq. | 247.2 | $525 / hour | $129,780 |
| **TOTAL** | **304.4** | | **$161,240** |

20.    **Enhancement Payment**: The Settlement Agreement allows Class Counsel

to request an enhancement payment for the named class representative, Sergio Aquino,

in the amount of five thousand dollars ($5,000).  (See Exhibit 1, ¶34)  The Court

preliminarily approved an incentive award in the amount of $1,500 and requested

factual support regarding the work he performed if seeking a greater amount.  Mr.

Aquino is seeking $2,500 as an incentive award (Declaration of Sergio Aquino, ¶12).

Mr. Aquino has participated in this lawsuit.  He provided my co-counsel and me with

valuable information throughout the course of litigation regarding security procedures,

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND
SETTLEMENT ADMINSTRATION EXPENSES

1  information regarding the facility, putative class members/potential witnesses, and

2  payroll data.  Mr. Aquino kept himself informed of the developments in this action,

3  obtained and provided information, conferred with counsel on numerous occasions,

4

5  participated in decisions concerning this action, responded to discovery requests,

6  prepared for deposition, and participated in the settlement negotiations.  See Declaration

7  of Sergio Aquino.

8

9  ### Class Counsel's Costs Were Reasonably Incurred

10  21.  The Settlement Agreement allows Class Counsel to seek reimbursement of

11  litigation costs and expenses incurred up to $25,000.  (See Exhibit 1, ¶33.)  Class

12  Counsel's expenses, which total $24,089.90, were necessary and reasonably incurred

13

14  during the litigation of this Action.  Attached hereto as Exhibit as 4 are the costs

15  incurred.

16

17  I declare under penalty of perjury under the laws of the United State that the

18  foregoing is true and correct and that this declaration is executed on April 7, 2016, at

19  Los Angeles, California.

20

21

22                              /s/ Christopher J. Hamner_____
                                CHRISTOPHER J. HAMNER
23

24

25

26

27

28

DECLARATION OF CJH ISO MOTION FOR ATTORNEY FEES, COSTS, INCENTIVE AWARD AND
SETTLEMENT ADMINSITRATION EXPENSES

# EXHIBIT 1

1   DEMERY RYAN, Bar No. 217176
    dryan@littler.com
2   CARLOS JIMENEZ, Bar No. 227534
    cajimenez@littler.com
3   IAN MAHER, Bar No. 280746
    imaher@littler.com
4   LITTLER MENDELSON, P.C.
    2049 Century Park East, 5th Floor
5   Los Angeles, CA 90067.3107
    Telephone: 310.553.0308
6   Facsimile:  310.553.5583

7   Attorneys for Defendants
    CEVA LOGISTICS U.S., INC. and CEVA
8   FREIGHT MANAGEMENT INTERNATIONAL
    GROUP, INC. (erroneously sued as CEVA
9   FREIGHT MANAGEMENT INTERNATIONAL,
    INC.)

10  Christopher J. Hamner, Esq. (SBN 197117)
    chamner@hamnerlaw.com
11  Amy T. Wootton, Esq.  (SBN 188856)
    awootton@hamnerlaw.com
12  **HAMNER LAW OFFICES, APC**
    555 W. 5th Street, 31st Floor
13  Los Angeles, California 90013
    Telephone: (213) 533-4160
14  Facsimile:  (213) 533-4167

15  Attorneys for Plaintiff
    SERGIO AQUINO, on behalf of himself and all
16  others similarly situated

17                  UNITED STATES DISTRICT COURT

18                  CENTRAL DISTRICT OF CALIFORNIA

19  SERGIO AQUINO, an individual, on        Case No.  5:14-CV-01795-VAP-DTB
    behalf of himself and all others similarly   Assigned to Hon. Virginia A. Phillips
20  situated,

21                        Plaintiff,

22  v.                                        **JOINT STIPULATION OF CLASS
                                              ACTION SETTLEMENT**
23  CEVA LOGISTICS U.S. INC., a
    Delaware corporation, CEVA
24  FREIGHT MANAGEMENT
    INTERNATIONAL, INC., a Delaware
25  corporation, CEVA HOLDINGS, LLC,
    a Delaware limited liability company
26  and DOES 1 through 10, inclusive,

27                        Defendants.

28

## JOINT STIPULATION OF CLASS ACTION SETTLEMENT

This Joint Stipulation of Class Action Settlement ("Agreement" or "Settlement") is made and entered into by and between Plaintiff Sergio Aquino ("Aquino" or "Plaintiff") and Defendants CEVA Logistics U.S., Inc. and CEVA Freight Management International Group, Inc. (collectively "CEVA" or "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties").

### RECITALS

This Settlement is made and entered into by and between Plaintiff and Defendants, and is subject to the terms and conditions hereof, and to the Court's approval. The Parties expressly acknowledge that this Agreement is entered into solely for the purpose of compromising significantly disputed claims and that nothing herein is an admission of liability or wrongdoing by Defendants. If for any reason the Settlement is not approved, it will be of no force or effect, and the Parties shall be returned to their original respective positions.

### DEFINITIONS

The following definitions are applicable to this Agreement. Definitions contained elsewhere in this Agreement shall also be effective:

1. "Action" means *Aquino v. CEVA Logistics U.S., Inc., et al.*, Case No. 5:14-CV-01795-VAP-DTB (removed to this Court on August 29, 2014; State Court Case No. RIC 1407035, filed July 15, 2014).

2. "Class Counsel" means Hamner Law Offices, APC.

3. "Class Counsel's Award" means attorneys' fees agreed upon by the Parties and approved by the Court for Class Counsel's litigation and resolution of the Action, and all reasonable costs incurred and to be incurred by Class Counsel in the Action, including, but not limited to, costs associated with documenting the Settlement, securing the Court's approval of the Settlement, obtaining entry of the Judgment terminating the Action, and any other expenses. Defendants agree not to

1  oppose Class Counsel's request for an award of fees up to twenty-five percent (25%)
2  of the Class Settlement Amount, or Eighty-Seven Thousand Five Hundred Dollars and
3  Zero Cents ($87,500.00) and expenses/costs in the amount of up to Twenty-Five
4  Thousand Dollars ($25,000.00), subject to the Court finally approving this Settlement
5  and subject to the exhaustion of any and all appeals.  Any portion of the Class
6  Counsel's Award not awarded to Class Counsel shall be added to the Net Settlement
7  Amount.  Failure of the Court to award the requested attorneys' fees and costs is not
8  grounds to void or nullify this Settlement.

9      4.    "Class List and Data" means a complete list of all Class Members that
10  Defendants will diligently and in good faith compile from its records and provide to
11  the Settlement Administrator within one hundred and twenty (120) calendar days after
12  Preliminary Approval of this Settlement.  The Class List and Data shall be formatted
13  in Microsoft Office Excel and shall include each Class Member's full name, most
14  recent mailing address, telephone number, and Social Security Number.

15      5.    "Class Member(s)" or "Settlement Class" means all current and former
16  non-exempt employees employed by Defendants at CEVA's Mira Loma Fulfillment
17  Center in the State of California from July 15, 2010 through September 30, 2013, and
18  includes persons paid through third-party staffing agencies.  The Settlement Class fall
19  into the following two Sub-Classes:

20      5(a)    "CEVA Sub-Class Members" means all current and former
21  non-exempt employees directly employed by Defendants at CEVA's Mira Loma
22  Fulfillment Center in the State of California from July 15, 2010 through September
23  30, 2013.

24      5(b)    "Temp Sub-Class Members" means all current and former non-
25  exempt employees placed by and paid through third-party staffing agencies and placed
26  at CEVA's Mira Loma Fulfillment Center in the State of California from July 15,
27  2010 through September 30, 2013.

28

6.    "Class Period" means the period from July 15, 2010 to September 30, 2013.

7.    "Class Representative Enhancement Payment" means the amount to be paid to Plaintiff in recognition of his effort and work in prosecuting the Action on behalf of Class Members.  Subject to Court approval, the Parties agree that Plaintiff shall be paid up to Five Thousand Dollars ($5,000) from the Class Settlement Amount, subject to the Court granting Final Approval of this Agreement and subject to the exhaustion of any and all appeals.

8.    "Class Settlement Amount" means the maximum settlement amount of Three Hundred Fifty Thousand Dollars ($350,000) to be paid by Defendants in full satisfaction of all claims arising from the Action, which includes all Individual Settlement Payments to Participating Class Members, the Class Representative Enhancement Payment to Plaintiff, Settlement Administration Costs to the Settlement Administrator, and Class Counsel's Award.  This Class Settlement Amount has been agreed to by Plaintiff and Defendants based on the aggregation of the agreed-upon settlement value of individual claims.  In no event will Defendants be liable for more than the Class Settlement Amount.  Defendants maintain no reversionary right to any portion of the Class Settlement Amount.  The entire Class Settlement Amount will be distributed and no part of the Class Settlement Amount will revert to Defendants.

9.    "Complaint" means the operative Complaint filed in the Action on or about July 15, 2014.

10.    "Counsel for Defendants" or "Defense Counsel" means Demery Ryan, and Carlos Jimenez of Littler Mendelson, P.C., 2049 Century Park East, 5th Floor, Los Angeles, California 90067.

11.    "Court" means the United States District Court for the Central District of California or any other court taking jurisdiction of the Action.

12.    "Defendants" means Defendants CEVA Logistics U.S., Inc. and CEVA

1  Freight Management International Group, Inc., including their predecessors, if any, as
2  well as their current and former parents, current and former subsidiaries, affiliates,
3  fiduciaries, insurers, agents, employees, assigns, subrogees, privies, officers, officials,
4  directors, administrators, attorneys, and shareholders, except insofar as these
5  individuals are Class Members.

6      13.    "Effective Date" means the later of (a) 30 calendar days after the date of
7  entry of Order granting Final Approval of this Settlement, if no objection to the
8  Settlement is filed, (b) the date on which the time for all appeals from objections to
9  the Settlement has passed, if one or more objections to the Settlement are filed and
10  not subsequently withdrawn or (c) if an appeal is taken, the date on which any
11  reviewing court issues a decision, the time for further appeal has expired, and the
12  trial court has regained jurisdiction.

13      14.    "Individual Settlement Payment" means each Participating Class
14  Member's share of the Net Settlement Amount (defined below).

15      15.    "Net Settlement Amount" means the portion of the Class Settlement
16  Amount remaining after deduction of the approved Class Representative Enhancement
17  Payment, Settlement Administration Costs, and the Class Counsel's Award.   The
18  entire Net Settlement Amount will be distributed to Participating Class Members.

19      16.    "Notice of Objection" means a Class Member's valid and timely written
20  objection to the Settlement.  For the Notice of Objection to be valid, it must be: (a)
21  signed by the Class Member, (b) filed with the Court and served on all parties, and (c)
22  postmarked on or before the Response Deadline (defined below).

23      17.    "Notice Packet" means the Notice of Proposed Class Action Settlement
24  and Final Fairness and Approval Hearing ("Notice") and mailing envelope,
25  substantially in the form attached as Exhibit A, a Claim Form, substantially in the
26  form attached as Exhibit B, and blank IRS forms W-4 and W-9.  The Notice will
27  include, non-exclusively, information regarding the nature of the Action; a summary

28

1   of the substance of the Settlement; the Settlement Class definition; the procedure for

2   submitting Claim Forms and opting out; the procedure for objecting to the Settlement;

3   claims procedure and time period for submission of a claim; the date for the Final

4   Approval Hearing; and the formula used for the Individual Settlement Payments. The

5   Claim Form shall include the Class Member's estimated Individual Settlement

6   Payment and shall request that the Class Member submit the enclosed IRS W-4 and

7   W-9 Form with the completed Claim Form.

8        18.   "Response Deadline" means the sixtieth (60th) day after the Notice

9   Packet is mailed by the Settlement Administrator.

10        19.   "Parties" means Plaintiff and Defendants collectively.

11        20.   "Participating Class Members" means all Class Members who submit a

12   timely Claim Form and do not submit a valid Request for Exclusion.

13        21.   "Plaintiff" means Sergio Aquino.

14        22.   "Preliminary Approval" means the Court order granting preliminary

15   approval of the Settlement.

16        23.   "Final Approval" means the Court order granting final approval of the

17   Settlement.

18        24.   "Released Claims" means, any and all of Class Members' claims,

19   causes of action, damages, wages, benefits, expenses, penalties, debts, rights,

20   demands, liabilities, obligations, attorneys' fees, costs, and any other form of relief

21   or remedy in law, equity, or whatever kind or nature, whether known or unknown,

22   suspected or unsuspected, arising from, or related to the operative facts as those

23   alleged in the Action, including the Complaint, against Defendants, as follows: (1)

24   all claims for failure to pay hourly wages in violation of California Labor Code §§

25   200-204, 510, 1194, 1197, 1197.1 and 1198, and the applicable California Industrial

26   Wage Order; (2) all claims for failure to pay overtime wages in violation of

27   California Labor Code §§ 200-204, 510, 1194, 1197, 1197.1 and 1198, and the

28

applicable California Industrial Wage Order; (3) all claims for failure to provide meal periods or compensation in lieu thereof in violation of California Labor Code §§ 226.7 and 512, the applicable California Industrial Wage Order, and California Code of Regulations, Title 8, § 11050; (4) all claims for failure to provide rest periods or compensation in lieu thereof in violation of California Labor Code §§ 226.7 and 512, the applicable California Industrial Wage Order, and California Code of Regulations, Title 8, § 11050; (5) all claims for failure to pay wages of terminated or resigned employees in violation of California Labor Code §§ 201-204; (6) all claims for failure to comply with itemized employees wage statement provisions in violation of California Labor Code § 226; and (7) all claims for violation of California Business and Professions Code §§ 17200-17208.

25. "Released Claims Period" means the period from July 15, 2010 to the date the Settlement is preliminarily approved by the Court.

26. "Released Parties" means Defendants, any of its former and present parents, subsidiaries, and affiliates, and officers, directors, employees, partners, shareholders and agents, attorneys, and any other successors, assigns, or legal representatives, including, but not limited to CEVA Holdings, LLC, and any and all third-party staffing agencies, including, but not limited to, Staffmark, Volt Workforce Solutions, Select Staffing, and any other third-party staffing agencies that provide workers to Defendants during the Class Period.

27. "Request for Exclusion" means a timely letter submitted by a Class Member indicating a request to be excluded from the Settlement. The Request for Exclusion must: (a) set forth the name, address, telephone number and last four digits of the Social Security Number of the Class Member requesting exclusion; (b) be signed by the Class Member; (c) be returned by mail, email, or fax to the Settlement Administrator at the specified address indicated in the Notice Packet; (d) clearly state

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1    that the Class Member does not wish to be included in the Settlement; and (e) be

2    postmarked on or before the Response Deadline.

3        28.   "Settlement Administrator" means Class Action Administration, Inc.

4    The Parties each represent that they do not have any financial interest in the

5    Settlement Administrator or otherwise have a relationship with the Settlement

6    Administrator that could create a conflict of interest.

7        29.   "Settlement Administration Costs" means the costs payable from the

8    Class Settlement Amount to the Settlement Administrator for administering this

9    Settlement, including, but not limited to, printing, distributing, and tracking

10   documents for this Settlement, tax reporting, distributing the Class Settlement

11   Amount, and providing necessary reports and declarations, as requested by the Parties.

12   The Settlement Administration Costs shall be paid from the Class Settlement Amount,

13   including, if necessary, any such costs in excess of the amount represented by the

14   Settlement Administrator as being the maximum costs necessary to administer the

15   Settlement.  The Settlement Administration Costs are currently estimated to be Thirty

16   Thousand Dollars ($30,000.00).  To the extent actual Settlement Administration Costs

17   are greater than $30,000.00, such excess amount shall be taken out of the Class

18   Settlement Amount.

19       30.   "Qualified Settlement Account" means that account that will be

20   established by the Settlement Administrator, and that will be funded with the Class

21   Settlement Amount.

22       31.   "Settlement Payment Check" means the payment to Participating Class

23   Members pursuant to this Settlement (who do not submit a Request for Exclusion

24   from the Settlement).   The back of the Settlement Payment Check shall state,

25   immediately next to the space where the check is to be endorsed by the payee: "By

26   endorsing this check, I acknowledge that I read, understood, and agree to the terms set

27   forth in the Notice of Proposed Class Action Settlement and Final Fairness and

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  Approval Hearing."

2  **TERMS OF AGREEMENT**

3  Plaintiff, on behalf of himself and the Settlement Class, and Defendants agree

4  as follows:

5  32.  <u>Funding of the Class Settlement Amount</u>.  Within thirty (30) business

6  days after the Effective Date, Defendants shall make a one-time deposit of the Class

7  Settlement Amount of Three Hundred Fifty Thousand Dollars ($350,000.00) into a

8  Qualified Settlement Account to be established by the Settlement Administrator.  The

9  Class Settlement Amount shall be used to pay: (1) Individual Settlement Payments;

10  (2) the Class Counsel's Award; (3) the Class Representative Enhancement Payment;

11  and (4) Settlement Administration Costs.

12  33.  <u>Class Counsel's Award</u>.  Defendants agree not to oppose or impede any

13  application or motion by Class Counsel for attorneys' fees of not more than Eighty-

14  Seven Thousand Five Hundred Dollars and Zero Cents ($87,500.00) and costs in the

15  amount of up to Twenty-Five Thousand Dollars and Zero Cents ($25,000.00), which

16  shall be paid from the Class Settlement Amount.   The Settlement Administrator (and

17  not the Defendants) shall issue an IRS Form 1099 to Class Counsel reflecting the

18  awarded attorneys' fees, costs and expenses.  Any portion of Class Counsel's Award

19  not awarded to Class Counsel shall be added to the Net Settlement Amount.

20  34.  <u>Class Representative Enhancement Payment</u>.  In recognition of his efforts

21  and work in prosecuting the Action on behalf of Class Members, Defendants agree not

22  to oppose or impede an application or motion by Plaintiff for a Class Representative

23  Enhancement Payment of up to Five-Thousand Dollars ($5,000) to Plaintiff.   The

24  Class Representative Enhancement Payment, which shall be paid from the Class

25  Settlement Amount, shall be in addition to Plaintiff's Individual Settlement Payment

26  paid pursuant to the Settlement.   The Settlement Administrator (and not the

27  Defendants) shall issue an IRS Form 1099 to Plaintiff reflecting the class

28

1   representative payment.   Any portion of the Class Representative Enhancement

2   Payment not awarded to Plaintiff shall be added to the Net Settlement Amount.

3       35.   Settlement Administration Costs.  The Settlement Administrator shall be

4   paid for the reasonable costs of administration of the Settlement and distribution of

5   payments from the Class Settlement Amount, which are currently estimated to be

6   Thirty Thousand Dollars ($30,000.00).   These costs, which shall be paid from the

7   Class Settlement Amount, shall include, *inter alia*, the required tax reporting on the

8   Individual Settlement Payments, the issuing of W2 and 1099 IRS Forms, distributing

9   the Notice Packet, communicating with class members and counsel, calculating and

10   distributing the Class Settlement Amount and Class Counsel's Award, and providing

11   necessary reports and declarations.   Any portion of the Settlement Administration

12   Costs not allowed shall be added to the Net Settlement Amount.

13       36.   Net Settlement Amount.  The Net Settlement Amount shall be used to

14   satisfy Individual Settlement Payments to Participating Class Members from the

15   Settlement Class in accordance with the terms of this Agreement.   The Settlement

16   Administrator will allocate the Individual Settlement Payments to the Participating

17   Class Members based on the calculations described in Paragraph 39.   Participating

18   Class Members are entitled to 100% of the Net Settlement Amount.   Defendants

19   maintain no reversionary right to any portion of the Net Settlement Amount.  If there

20   are any timely submitted Requests for Exclusion, the Settlement Administrator shall

21   proportionately increase the Individual Settlement Payments for each Participating

22   Class Member so that the amount actually distributed to Participating Class

23   Members equals 100% of the Net Settlement Amount.

24       37.   Acknowledgment of Potential Settlement Administration Cost Increases.

25   The Parties hereby acknowledge that Settlement Administration Costs may increase

26   above the current estimate of $30,000.00 and that any such additional Settlement

27   Administration Costs shall be taken out of the Class Settlement Amount.  Any portion

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1   of the estimated or designated Settlement Administration Costs that are not in fact

2   required to fulfill the total Settlement Administration Costs shall become part of the

3   Net Settlement Amount.

4          38.    <u>Calculation of Class Settlement Amount</u>.  The Class Settlement Amount

5   was calculated with, and is premised on, the understanding that there are

6   approximately 2,500 Class Members eligible to participate in the Settlement.  If, as of

7   the date of Preliminary Approval, the total number of Class Members exceeds the

8   original estimate by 10% or more, then the Parties will meet and confer to determine

9   whether and/or the extent the increase in class size impacts the estimated per Class

10  Member recovery and whether in order to maintain the same average per Class

11  Member recovery as would be realized without such increases, an upward

12  adjustment of the Class Settlement Amount is warranted.  The Parties further agree

13  that in the event following Preliminary Approval, the total number of Class

14  Members exceeds the original estimate by more than 10% triggering their obligation

15  to meet and confer set forth above that they will report to the Court at the Final

16  Approval Hearing on the results of their discussion and on any modification of the

17  Class Settlement Amount, if any.  However, nothing herein shall be interpreted to

18  authorize the Court to increase the Class Settlement Amount without the consent of

19  both Parties.

20         39.    <u>Individual Settlement Payment Calculations</u>.   Individual Settlement

21  Payments shall be calculated and apportioned from the Net Settlement Amount based

22  on the number of Class Members.  Specifically, the Settlement Administrator shall

23  calculate the Individual Settlement Payments as follows:

24         39(a)    <u>Determination of Workweeks and Minimum Individual</u>

25  <u>Settlement Payments</u>:

26              i)  The Settlement Administrator will calculate the number of

27  weeks each Class Member worked in the Class Period ("<u>Workweeks</u>").

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

10.

1          ii) The Settlement Administrator will calculate each Class
2    Member's Minimum Individual Settlement Payment based upon the number of
3    Workweeks each Class Member worked in the Class Period, as follows:
4          (1)   Each CEVA Sub-Class Member will be assigned one
5    and one-half (1.5) Workweek Points for each Workweek within the Class Period
6    (this is to accurately reflect the higher hourly pay rate of those employed directly by
7    CEVA);
8          (2)   Each Temp Sub-Class Member will be assigned one
9    (1.0) Workweek Point for each Workweek within the Class Period (this is to
10   accurately reflect the lower hourly pay rate of those employees placed by and paid
11   through third-party staffing agencies);
12         (3)   The Workweek Points of all Class Members will be
13   totaled and will be the "Total Workweek Points";
14         (4)   The Net Settlement Amount will be divided by the
15   Total Workweek Points, and the resulting number will be the "Workweek Point
16   Value";
17         (5)   Each Class Member's Workweek Points will be
18   multiplied by the Workweek Point Value, and the resulting number will equal each
19   Class Member's "Minimum Individual Settlement Payment";
20         (6)   The Settlement Administrator shall be responsible
21   for applying the formula set forth here to determine the Minimum Individual
22   Settlement Payment of each Class Member, subject to Defendants providing the
23   Settlement Administrator with the necessary data;
24         (7)   The Minimum Individual Settlement Payment will be
25   stated on the Notice received by each Class Member;
26         (8)   Each Class Member will become entitled to the
27   Minimum Individual Settlement Payment only upon submitting a proper and timely
28

11.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1   Claim Form, and not submitting a Request for Exclusion;

2        39(b)   <u>Actual Individual Settlement Payments For Participating Class</u>

3   <u>Members</u>. Once all claims have been submitted, the Settlement Administrator will

4   allocate the entire Net Settlement Amount to the Participating Class Members based

5   on the following calculations:

6        i)  The Settlement Administrator will calculate the number of

7   weeks each Participating Class Member worked in the Class Period ("<u>Participating</u>

8   <u>Workweeks</u>").

9        ii) The   Settlement   Administrator   will   calculate   each

10  Participating Class Member's Individual Settlement Payment based upon the number

11  of Participating Workweeks each Participating Class Member worked in the Class

12  Period, as follows:

13       (1)   Each CEVA Sub-Class Member will be assigned one

14  and one-half (1.5) Workweek Points for each Participating Workweek within the

15  Class Period;

16       (2)   Each Temp Sub-Class Member will be assigned one

17  (1.0) Workweek Point for each Participating Workweek within the Class Period;

18       (3)   The Workweek Points of all Participating Class

19  Members will be totaled and will be the "<u>Total Participating Workweek Points</u>";

20       (4)   The Net Settlement Amount will be divided by the

21  Total Participating Workweek Points, and the resulting number will be the

22  "<u>Participating Workweek Point Value</u>";

23       (5)   Each Participating Class Member's Workweek

24  Points will be multiplied by the Participating Workweek Point Value, and the

25  resulting number will equal each Participating Class Member's "<u>Actual Individual</u>

26  <u>Settlement Payment</u>";

27       (6)   The Settlement Administrator shall be responsible

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

for applying the formula set forth here to determine the Actual Individual Settlement Payment of each Participating Class Member.

(7)   The Actual Individual Settlement Payment will be distributed by the deadline stated in Paragraph 56.

40.   <u>No Credit Toward Benefit Plans</u>.  The Individual Settlement Payments made to Participating Class Members under this Agreement, as well as any other payments made pursuant to this Agreement, shall not be utilized to calculate any additional benefits under any benefit plans to which any Class Members may be eligible, including, but not limited to:  profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan.  Rather, it is the Parties' intention that this Settlement will not affect any rights, contributions, or amounts to which any Class Members may be entitled under any benefit plans.

41.   <u>Settlement Administration Process</u>.  The Parties agree to cooperate in the administration of the Settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.  The Settlement Administrator will provide the following services:

41(a)   Establish and maintain an interest bearing Qualified Settlement Account.

41(b)   Calculate the amount of the Settlement each Class Member is eligible to receive.

41(c)   Prior to mailing the Notice Packet, the Settlement Administrator will verify the last known address for each Class Member through a generally utilized, national address update database.

41(d)   Printing and mailing the Notice Packet.

41(e)   Translating the Notice Packet into Spanish.

41(f)   Establishing and maintaining a toll free informational telephone

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1   support line to assist Class Members who have questions regarding the

2   Notice Packet.

3   41(g)   Conducting additional address searches for mailed Notice

4   Packets that are returned as undeliverable.  These searches may be done

5   through a class action locator service.  To the extent new and more

6   current addresses are found, the Settlement Administrator will also

7   reprint and re-mail Notice Packets accordingly.

8   41(h)   Processing Claim Forms and Requests for Exclusion,

9   calculating Participating Class Members settlement share, fielding

10  inquiries from Class Members, and administration of any requests for

11  exclusion.  This service will include settlement proceed calculations,

12  printing and issuance of checks, and preparation of IRS W2 and 1099

13  Forms.  Basic accounting for and payment of employee tax withholdings

14  will also be included as part of this service.

15  41(i)   Informing Defendants of their employer-side tax liability, if

16  any.

17  41(j)   Providing declarations and/or other information to this Court as

18  requested by the Parties and/or the Court.

19  41(k)   Providing weekly status reports to counsel for the Parties.

20  42.   Delivery of the Class List and Data.  Within one hundred and twenty

21  (120) calendar days of Preliminary Approval, Defendants shall provide the Claims

22  Administrator with the Class List and Data.  The Parties acknowledge that the

23  majority of the Class Member information in not in the possession, custody, or control

24  of Defendants.  However, Defendants will engage in good faith efforts to obtain the

25  class member information within 120 calendar days of Preliminary Approval.  If these

26  efforts do not yield the Class Member information within 120 days, then the

27  Settlement Administrator will provide one skip trace using the Class Member

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  information that is available to attempt to locate any remaining Class Member
2  information (e.g., a skip trace based on the names of Class Members to identify
3  missing address and/or social security information).

4      43.  <u>Notice by First-Class U.S. Mail</u>.  Within fourteen (14) calendar days
5  after receiving the Class List and Data from Defendants, the Settlement
6  Administrator shall mail a Notice Packet to all Class Members via regular First-
7  Class U.S. Mail, using the most current, known mailing addresses identified in the
8  Class List and Data.  Class Members will have 60 calendar days from the mailing of
9  the Notice Packet to submit Claim Forms, Requests for Exclusion, or objections to the
10  Settlement

11      44.  <u>Confirmation of Contact Information in the Class List and Data</u>.  Prior to
12  mailing the Notice Packet, the Settlement Administrator shall perform a search based
13  on the National Change of Address Database for information to update and correct for
14  any known or identifiable address changes.  Any Notice Packets returned to the
15  Settlement Administrator as non-deliverable on or before the Response Deadline shall
16  be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed
17  thereto and the Settlement Administrator shall indicate the date of such re-mailing on
18  the Notice Packet.  If no forwarding address is provided, the Settlement Administrator
19  shall promptly attempt to determine the correct address using a skip-trace, or other
20  search using the name, address and/or Social Security number of the Class Member
21  involved, and shall then perform a re-mailing.  Those Class Members who receive a
22  re-mailed Notice Packet shall have the later of (i) an additional fifteen (15) days from
23  the remailing or (ii) the Response Deadline, whichever is later.  The Parties agree to
24  cooperate with the Settlement Administrator to locate a more recent address for Class
25  Members, where necessary.

26      45.  <u>Notice Packets</u>.  All Class Members will be mailed a Notice Packet.
27  Each Notice Packet will provide: (1) information regarding the nature of the Action,

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

(2) a summary of the Settlement's principal terms, (3) the Settlement Class definition, (4) each Class Member's estimated Individual Settlement Payment and the formula for calculating Individual Settlement Payments, (5) the dates which comprise the Class Period, (6) instructions on how to submit valid Claim Forms, Requests for Exclusion and objections, (7) the deadlines by which the Class Member must submit Request for Exclusions (to the extent applicable) or file and serve Notices of Objection to the Settlement, (8) the deadline by which the Class Member must submit a Claim Form, Request for Exclusion or objection; (9) the date for the Final Approval Hearing, and (10) the claims to be released, as set forth in Paragraph 64.

46.   <u>Claims Submissions</u>.  To receive Individual Settlement Payments, Class Members must timely submit Claim Forms to the Settlement Administrator by not later than 60 calendar days after the Notice Packet is mailed.

47.   <u>Request for Exclusion Procedures</u>.  Not later than 60 calendar days after the Notice Packet is mailed, Class Members must sign and postmark a written Request for Exclusion if they wish to opt-out from this Settlement.  Requests for Exclusion must: (1) contain the name, signature, address, telephone number and the last four digits of the Social Security number of the person requesting exclusion; (2) clearly state that the Class Member does not wish to be included in the Settlement; (3) be returned by mail or fax to the Settlement Administrator at the specified address; and (4) be postmarked on or before the Response Deadline.  The date of the postmark on the return mailing envelope shall be the exclusive means to determine whether a Request for Exclusion has been timely submitted.  By submitting such a Request for Exclusion, a Class Member shall be deemed to have exercised his or her option to opt out of the class action lawsuit and not be bound by this Agreement.  Accordingly, a Class Member that timely submits a valid Request for Exclusion will not be entitled to any money under this Settlement.  A Class Member who does not request exclusion from the Settlement shall be deemed a Class Member and will be bound by all terms

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1   of the Settlement, if the Settlement is granted Final Approval by the Court.

2       48.   <u>Right to Rescind</u>.   If 5% or more of the Class Members elect not to

3   participate in the Settlement, Defendants may, at their election, rescind the Settlement

4   and all actions taken in furtherance of it will be thereby null and void.   Defendants

5   must exercise this right of rescission, in writing, to Class Counsel, within 14 calendar

6   days after the Settlement Administrator notifies the Parties of the total number of opt-

7   outs.

8       49.   <u>Settlement Terms Bind All Class Members Who Do Not Opt-Out</u>.   Any

9   Class Member who does not affirmatively opt-out of the Settlement by submitting a

10  timely and valid Request for Exclusion shall be bound by all of its terms, including

11  those pertaining to the Released Claims, as well as any Judgment that may be entered

12  by the Court if it grants Final Approval to the Settlement.

13      50.   <u>Objection Procedures</u>.   Any Class Member who does not opt-out of this

14  Settlement shall be entitled to object to the Settlement.   To object to the Settlement, a

15  Class Member must file a valid Notice of Objection with the Court and serve copies of

16  the Notice of Objection on the Parties no later than the Response Deadline.   The

17  Notice of Objection must be signed by the Class Member and contain all information

18  required by this Settlement.   The postmark date of the filing and service shall be

19  deemed the exclusive means for determining that the Notice of Objection is timely.

20  Class Members who fail to object in the manner specified above shall be deemed to

21  have waived all objections to the Settlement and shall be foreclosed from making any

22  objections, whether by appeal or otherwise, to the Settlement.   Class Members who

23  file and serve timely Notices of Objection will have a right to appear at the Final

24  Approval Hearing in order to have their objections heard by the Court, at their own

25  expense.   At no time shall any of the Parties or their counsel seek to solicit or

26  otherwise encourage Class Members to submit written objections to the Settlement or

27  appeal from the Order and Judgment.   Class Counsel shall not represent any Class

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1   Members with respect to any such objections to this Settlement.  Any Class Member

2   who opts-out of this Settlement shall not be allowed to object to this Settlement.

3       51.   Class Member Disputes.   It is understood by the Parties that Class

4   Members' claims may be rejected by the Settlement Administrator for reasons

5   including (1) the failure of the Class Member to sign the Claim Form and timely cure

6   that failure, or (2) submission by the Class Member of the Claim Form after the

7   deadline for submission has passed.  However, it is not the intention of the Parties to

8   exclude Class Members from participating in the Settlement for technical reasons that

9   do not interfere with orderly administration of the Settlement.  Therefore, the Claims

10  Administrator will compile a list of all claims rejected for (1) failure to cure an

11  unsigned Claim Form or (2) late submission of the Claim Form.   The Parties will

12  confer about whether to accept any of the claims rejected.

13      52.   Reminder Postcard.  Not more than 30 days nor fewer than 20 days after

14  mailing of the original Notice Packet, the Settlement Administrator shall mail one

15  reminder postcard to all Class Members who have not yet submitted Claim Forms or

16  requests for exclusion.  The postcard shall be mailed to such Class Members via first-

17  class regular U.S. Mail, using the most current mailing address information then

18  available for the Class Members.

19      53.   Certification Reports Regarding Individual Settlement Payment

20  Calculations.  The Settlement Administrator shall provide Defense Counsel and Class

21  Counsel a weekly report which certifies the number of Class Members who have

22  submitted valid Claim Forms, Requests for Exclusion and/or objections.  Additionally,

23  the Settlement Administrator will provide to counsel for both Parties any updated

24  reports regarding the administration of the Settlement as needed or requested.

25      54.   Defects in Claim Form.  If any Class Member files a defective Claim

26  Form postmarked before the submission deadline, the Settlement Administrator shall,

27  in that case, send a letter to such Class Member, advising that the claim is defective,

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

18.

1  stating the nature of the defect and that the defect must be cured to render the claim

2  valid (a "Cure Letter"). The Claims Administrator must mail the Cure Letter within

3  three business days of receiving a defective claim. The Cure Letter shall state that the

4  Class Member has 15 calendar days from the date of the Cure Letter or the submission

5  deadline, whichever date is later, to postmark a revised claim. If a Class Member

6  responds to a Cure Letter by filing a defective claim, then the Claims Administrator

7  shall have no further obligation to give notice of a need to cure. Such defective claims

8  will be considered invalid and, if received after the submission deadline, Class

9  Members will have no right to cure them, except as provided for herein.

10     55.  <u>Treatment of Contradictory Form Submissions</u>:  If a Class Member

11  submits both a valid Claim Form and a Request for Exclusion, the Settlement

12  Administrator shall resolve the inconsistency by treating the conflicting submissions

13  as a valid claim submission.  In the event that a Class Member submits both a

14  defective Claim Form and a Request for Exclusion, the Settlement Administrator will

15  follow the procedures related to issuance of a Cure Letter.  If the defective Claim

16  Form is timely cured by the Class Member, the Settlement Administrator shall treat

17  the submission as a valid claim submission.

18     56.  <u>Distribution Timing of Individual Settlement Payments</u>.  Within seven

19  (7) business days of Defendants funding the Class Settlement Amount, the Settlement

20  Administrator shall issue payments to (1) Participating Class Members; (2) Plaintiff;

21  and (3) Class Counsel.  The Settlement Administrator shall also issue a payment to

22  itself for Court-approved services performed in connection with the Settlement.

23     57.  <u>Expiration Of and Uncashed Settlement Payment Checks</u>.  Any checks

24  issued by the Settlement Administrator to Class Members shall be negotiable for not

25  less than one hundred twenty (120) calendar days from issuance. The Parties agree

26  that California Civil Procedure Code section 384 is applicable to un-cashed or

27  undeliverable Settlement Payment Checks. Those funds represented by Settlement

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Payment Checks returned as undeliverable and those Settlement Payment Checks remaining un-cashed for more than 120 calendar days after issuance will constitute "unpaid residuals in class action litigation" as described in *Cundiff v. Verizon California, Inc.*, 167 Cal. App. 4th 718 (2008). Those funds represented by un-cashed checks which remain outstanding 120 calendar days after the mailing of the Settlement Payment Checks by the Settlement Administrator shall escheat to the State of California's unclaimed property fund. In such event, those Class Members will nevertheless remain bound by the Settlement.

58. <u>Certification of Completion</u>. Upon completion of administration of the Settlement, the Settlement Administrator shall provide a written declaration under oath to certify such completion (including certification that the Claim Forms and Requests for Exclusions were timely submitted) to the Court and counsel for all Parties.

59. <u>Treatment of Individual Settlement Payments</u>. All Individual Settlement Payments will be allocated as follows: 50% of each Individual Settlement Payment shall be allocated as wages and 50% shall be allocated as statutory and civil penalties. The amount of payments shall be reported on an IRS Form W2 and IRS Form 1099, respectively, by the Settlement Administrator.

60. <u>Administration of Taxes by the Settlement Administrator</u>. The Settlement Administrator shall be responsible for issuing to Plaintiff, Participating Class Members, and Class Counsel, W2 and 1099 Forms or other tax forms as may be required by law for all amounts paid pursuant to this Agreement.

61. <u>Tax Liability</u>. Defendants make no representation as to the tax treatment or legal effect of the payments called for hereunder, and Plaintiff and Participating Class Members are not relying on any statement, representation, or calculation by Defendant or by the Settlement Administrator in this regard. Plaintiff and Participating Class Members understand and agree that they will be solely responsible

20.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1   for the payment of any taxes and penalties assessed on their respective payments

2   described herein and will defend, indemnify, and hold Defendants free and harmless

3   from and against any claims resulting from treatment of such payments as non-taxable

4   damages.

5       62.   Circular 230 Disclaimer.   EACH PARTY TO THIS AGREEMENT

6   (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND

7   EACH    PARTY    TO    THIS    AGREEMENT    OTHER    THAN    THE

8   ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND

9   AGREES  THAT  (1) NO  PROVISION  OF  THIS  AGREEMENT,  AND  NO

10  WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE

11  PARTIES  OR  THEIR  ATTORNEYS  AND  OTHER  ADVISERS,  IS  OR  WAS

12  INTENDED  TO  BE,  NOR  SHALL  ANY  SUCH  COMMUNICATION  OR

13  DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS,

14  TAX  ADVICE  WITHIN  THE  MEANING  OF  UNITED  STATES  TREASURY

15  DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE

16  ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER

17  OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE

18  (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT,

19  (B) HAS  NOT  ENTERED  INTO  THIS  AGREEMENT  BASED  UPON  THE

20  RECOMMENDATION  OF  ANY  OTHER  PARTY  OR  ANY  ATTORNEY  OR

21  ADVISOR  TO  ANY  OTHER  PARTY,  AND  (C) IS  NOT  ENTITLED  TO  RELY

22  UPON  ANY  COMMUNICATION  OR  DISCLOSURE  BY  ANY  ATTORNEY  OR

23  ADVISER  TO  ANY  OTHER  PARTY  TO  AVOID  ANY  TAX  PENALTY  THAT

24  MAY  BE  IMPOSED  ON  THE  ACKNOWLEDGING  PARTY;  AND  (3) NO

25  ATTORNEY  OR  ADVISER  TO  ANY  OTHER  PARTY  HAS  IMPOSED  ANY

26  LIMITATION  THAT  PROTECTS  THE  CONFIDENTIALITY  OF  ANY  SUCH

27  ATTORNEY'S  OR  ADVISER'S  TAX  STRATEGIES  (REGARDLESS  OF

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE

2  BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX

3  STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION

4  CONTEMPLATED BY THIS AGREEMENT.

5      63.   No Prior Assignments.  The Parties and their counsel represent, covenant,

6  and warrant that they have not directly or indirectly assigned, transferred,

7  encumbered, or purported to assign, transfer, or encumber to any person or entity any

8  portion of any liability, claim, demand, action, cause of action or right herein released

9  and discharged.

10     64.   Release of Claims by Plaintiff and Class Members.  Upon the Effective

11  Date, Plaintiff and all Class Members, as well as their spouses, heirs, executors,

12  administrators, trustees, and/or permitted assigns, hereby do and shall be deemed to

13  have fully, finally and forever released, settled, compromised, relinquished and

14  discharged any and all of the Released Parties of and from any and all Released

15  Claims. As to the Released Claims only, Plaintiff and the Class Members expressly

16  waive the rights and benefits of California Civil Code section 1542.  Civil Code

17  section 1542 provides:

18     A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
       THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN
19     HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
       RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE
20     MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
       DEBTOR.
21
       Plaintiff and all Class Members shall be enjoined from filing any DLSE
22
    claims or from initiating or pursuing any proceedings regarding claims released by
23
    the Agreement before opting out of the Settlement.  The Parties further agree that it
24
    is their intent that the terms set forth in this Agreement will release any further
25
    attempt, by lawsuit, administrative claim or action, arbitration, demand, or other
26
    action of any kind by Plaintiff and each and all of the Class Members, including
27
    participation to any extent in any class or collective action, to obtain a recovery
28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  based on each and all of the allegations in the operative complaint in this matter, for

2  harms arising during the Class Period.

3       65.   Nullification of Settlement.  In the event that the Settlement does not

4  become final (*i.e.*, if the Court does not grant Final Approval or if Final Approval is

5  reversed) for any reason, then this Agreement, and any documents generated to bring

6  it into effect, shall be null and void.  Any order or judgment entered by the Court in

7  furtherance of this Agreement shall likewise be treated as void from the beginning.

8       66.   Preliminary Approval Hearing.  Plaintiff shall move and obtain a hearing

9  before the Court to request the Preliminary Approval of the Settlement, and the entry

10  of a Preliminary Approval order: (i) approving of the proposed Settlement, and (ii)

11  setting a date for a hearing regarding Final Approval of the Settlement.  The

12  Preliminary Approval order shall provide for the Notice Packet to be sent to all Class

13  Members as specified herein.  In conjunction with the Preliminary Approval hearing,

14  Plaintiff shall submit this Agreement, which sets forth the terms of this Settlement,

15  and will include the proposed Notice Packet, which shall include the two versions of

16  the proposed Notice of Class Action Settlement document, attached to this Agreement

17  as Exhibits A and B, respectively.

18       67.   Final Settlement Approval Hearing and Entry of Judgment.  Upon

19  expiration of the deadlines to submit Requests for Exclusion or Notices of Objections

20  to the Settlement, and with the Court's permission, a Final Approval/Settlement

21  Fairness Hearing shall be conducted to determine the Final Approval of the Settlement

22  along with the amounts properly payable for (i) Individual Settlement Payments; (ii)

23  the Class Counsel's Award; (iii) the Class Representative Enhancement Payment; and

24  (iv) all Settlement Administration Costs.  The Final Approval/Settlement Fairness

25  Hearing shall not be held earlier than thirty (30) days after the Response Deadline.

26  Class Counsel will be responsible for drafting all documents necessary to obtain Final

27  Approval.  Class Counsel will also be responsible for drafting the attorneys' fees and

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  costs application to be heard at the Final Approval Hearing.

2      68.   Judgment and Continued Jurisdiction.  Upon Final Approval of the

3  Settlement by the Court or after the Final Approval/Settlement Fairness Hearing, the

4  Parties shall present the Judgment to the Court for its approval.  After entry of the

5  Judgment, the Court shall have continuing jurisdiction solely for purposes of

6  addressing: (i) the interpretation and enforcement of the terms of the Settlement, (ii)

7  Settlement administration matters, and (iii) such post-Judgment matters as may be

8  appropriate under court rules or as set forth in this Agreement.

9      69.   Exhibits Incorporated by Reference.  The terms of this Agreement

10  include the terms set forth in any attached Exhibits, which are incorporated by this

11  reference as though fully set forth herein.  Any Exhibits to this Agreement are an

12  integral part of the Settlement.

13      70.   Confidentiality Preceding Preliminary Approval.  The Parties and their

14  counsel agree that they will not issue any press releases, initiate any contact with the

15  press, respond to any press inquiry, or have any communication with the press about

16  the fact, amount or terms of the Settlement.  In addition, the Parties and their counsel

17  agree that they will not engage in any advertising or distribute any marketing

18  materials relating to the Settlement of this case, including but not limited to any

19  postings on any websites maintained by Class Counsel prior to preliminary approval

20  of the settlement.  Any communication about the Settlement to Class Members prior

21  to the court approved mailing will be limited to a statement that a settlement has been

22  reached and the details will be communicated in a forthcoming Court-approved notice.

23  The Parties agree to use their best efforts to schedule a hearing at which to seek

24  Preliminary Approval of the Settlement so that the hearing occurs within 90 days of

25  the date upon which the parties executed this Agreement.  If it is not possible to

26  schedule a hearing regarding Preliminary Approval of the Settlement within that

27  time frame, the Parties agree to schedule that hearing at the first available date

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  thereafter.

2      71.   <u>Entire Agreement</u>.  This Agreement and any attached Exhibits constitute

3  the entirety of the Parties' settlement terms.  No other prior or contemporaneous

4  written or oral agreements may be deemed binding on the Parties.

5      72.   <u>Amendment or Modification</u>.  This Agreement may be amended or

6  modified only by a written instrument signed by the Parties or their successors-in-

7  interest.

8      73.   <u>Authorization to Enter Into Agreement</u>.  Counsel for all Parties warrant

9  and represent they are expressly authorized by the Parties whom they represent to

10  negotiate this Agreement and to take all appropriate action required or permitted to be

11  taken by such Parties pursuant to this Agreement to effectuate its terms and to execute

12  any other documents required to effectuate the terms of this Agreement.  The Parties

13  and their counsel will cooperate with each other and use their best efforts to effect the

14  implementation of the Settlement.  If the Parties are unable to reach agreement on the

15  form or content of any document needed to implement the Settlement, or on any

16  supplemental provisions that may become necessary to effectuate the terms of this

17  Settlement, the Parties may seek the assistance of the Court to resolve such

18  disagreement.

19      74.   <u>Binding on Successors and Assigns</u>.  This Agreement shall be binding

20  upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as

21  previously defined.

22      75.   <u>California Law Governs</u>.  All terms of this Agreement and Exhibits

23  hereto shall be governed by and interpreted according to the laws of the State of

24  California.

25      76.   <u>Execution and Counterparts</u>.  This Agreement is subject only to the

26  execution of all Parties.  However, the Agreement may be executed in one or more

27  counterparts.  All executed counterparts and each of them, including facsimile and

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  scanned copies of the signature page, shall be deemed to be one and the same

2  instrument provided that counsel for the Parties shall exchange among themselves

3  original signed counterparts.

4      77.   Acknowledgement that the Settlement is Fair, Adequate and Reasonable.

5  The Parties believe this Agreement is a fair, adequate and reasonable settlement of the

6  Action and have arrived at this Settlement after arm's-length negotiations and in the

7  context of adversarial litigation, taking into account all relevant factors, present and

8  potential.   The Parties further acknowledge that they are each represented by

9  competent counsel and that they have had an opportunity to consult with their counsel

10  regarding the fairness and reasonableness of this Agreement.

11      78.   Invalidity of Any Provision.   Before declaring any provision of this

12  Agreement invalid, the Court shall first attempt to construe the provision as valid to

13  the fullest extent possible consistent with applicable precedents so as to define all

14  provisions of this Agreement valid and enforceable.   Any invalid, illegal, or

15  unenforceable provision determined by the Court shall in no way affect any other

16  provision if Defendants and Class Counsel, on behalf of the Parties and the

17  Settlement Class, mutually elect in writing to proceed as if such invalid, illegal, or

18  unenforceable provision had never been included in this Agreement.

19      79.   Waiver of Certain Appeals.  The Parties agree to waive appeals; except,

20  however, that Plaintiff or Class Counsel may appeal any reduction in the Class

21  Counsel's Award below the amount Class Counsel requests from the Court, and either

22  party may appeal any court order that materially alters the Agreement's terms.

23      80.   Class Action Certification for Settlement Purposes Only.   Defendants

24  deny any liability or wrongdoing of any kind associated with the claims in the Action.

25  The Parties agree that the Settlement is in no way an admission by Defendants that

26  class certification is proper under the standard applied to contested certification

27  motions.  The Parties stipulate and agree to the certification of the Class for settlement

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

purposes only.  This Agreement shall not constitute, in this or any other proceeding, an admission of any kind by Defendants, including without limitation, that certification of a class for trial or any other purpose is appropriate or proper or that Plaintiff can establish any of the requisite elements for class treatment of any of the claims in this Action. If, for any reason, the Settlement is not approved, this Agreement will be void and the Parties will be restored to their respective positions as if they had not entered into this Agreement.  The Parties further agree that this Agreement will not be admissible in this or any other proceeding as evidence that either (i) a class action should be certified or (ii) Defendants are liable to Plaintiffs or any Class Member, other than according to the Settlement's terms.  In the event that the Settlement is not approved or otherwise voided, Defendants expressly reserve all rights to challenge certification at any time up to and including trial in this Action.

81.   <u>Non-Admission of Liability</u>.  The Parties enter into this Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation.  In entering into this Agreement, Defendants do not admit, and specifically deny, they have violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to their employees.  Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendants of any such violations or failures to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendants or to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local or

27.

1     other applicable law.

2        82.    <u>Captions</u>.    The captions and section numbers in this Agreement are

3 inserted for the reader's convenience, and in no way define, limit, construe or describe

4 the scope or intent of the provisions of this Agreement.

5        83.    <u>Waiver</u>.    No waiver of any condition or covenant contained in this

6 Agreement or failure to exercise a right or remedy by any of the Parties hereto shall be

7 considered to imply or constitute a further waiver by such party of the same or any

8 other condition, covenant, right or remedy.

9        84.    <u>Enforcement Actions</u>.    In the event that one or more of the Parties

10 institutes any legal action or other proceeding against any other Party or Parties to

11 enforce the provisions of this Settlement or to declare rights and/or obligations under

12 this Settlement, the successful Party or Parties shall be entitled to recover from the

13 unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert

14 witness fees incurred in connection with any enforcement actions.

15        85.    <u>Mutual Preparation</u>.    The Parties have had a full opportunity to negotiate

16 the terms and conditions of this Agreement. Accordingly, this Agreement shall not be

17 construed more strictly against one party than another merely by virtue of the fact that

18 it may have been prepared by counsel for one of the Parties, it being recognized that,

19 because of the arms-length negotiations between the Parties, all Parties have

20 contributed to the preparation of this Agreement.

21        86.    <u>Representation By Counsel</u>.    The Parties acknowledge that they have

22 been represented by counsel throughout all negotiations that preceded the execution of

23 this Agreement, and that this Agreement has been executed with the consent and

24 advice of counsel. Further, Plaintiffs and Class Counsel warrant and represent that

25 there are no liens on the Agreement.

26        87.    <u>All Terms Subject to Final Court Approval</u>.    All amounts and procedures

27 described in this Agreement herein shall be subject to final Court approval.

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

88.  Cooperation and Execution of Necessary Documents.  All Parties shall cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Agreement.

89.  Dismissal of Appeal.  If, upon execution of this Agreement, Defendants' appeal of the Court's March 24, 2015 denial of Defendants' motion to compel arbitration is still pending before the 9th Circuit, the Parties will cooperatively work together and take all actions necessary to dismiss the appeal.

90.  Binding Agreement.  The Parties warrant that they understand and have full authority to enter into this Agreement, and further intend that this Agreement shall be fully enforceable and binding on all Parties, and agree that it shall be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

## SIGNATURES
### READ CAREFULLY BEFORE SIGNING

SÉRGIO AQUINO

Dated:   8/22/2015

Plaintiff SERGIO AQUINO

CEVA LOGISTICS U.S., INC. and CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC.

Dated:   8/22/2015

Sergio Aquino

Jerm Garcia

Please Print Name of Authorized Signatory

29.

**APPROVED AS TO FORM**

1

2

3

4

5   Dated: _8/25/15_

6   _Demery Ryan_

7   DEMERY RYAN
    CARLOS JIMENEZ
8   IAN MAHER
    Attorneys for Defendants
9   CEVA LOGISTICS U.S., INC. and
    CEVA FREIGHT MANAGEMENT
10  INTERNATIONAL GROUP, INC.
    (erroneously sued as CEVA FREIGHT
11  MANAGEMENT INTERNATIONAL,
    INC.)

12

13  Dated:8/24/15     **HAMNER LAW OFFICES, APC**

14  _A. Woot_

15  CHRISTOPHER J. HAMNER, ESQ.
    AMY T. WOOTTON, ESQ.
16  Counsel for Plaintiff
    SERGIO AQUINO and all other similarly
17  situated

18

19

20

21

22

23

24

25  Firmwide:135365649.1 057554.1050

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

30.

# EXHIBIT A

*SERGIO AQUINO V. CEVA LOGISTICS U.S., INC., ET AL.*
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CASE NO. 5:14-CV-01795-VAP-DTB (the "Action")

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FINAL FAIRNESS AND APPROVAL HEARING

IF YOU WERE A NON-EXEMPT EMPLOYEE WHO WORKED AT CEVA'S MIRA LOMA FULFILLMENT CENTER IN THE STATE OF CALIFORNIA AT ANY TIME FROM JULY 15, 2010 THROUGH SEPTEMBER 30, 2013, YOU COULD BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

BASED ON THE SETTLEMENT FORMULA, THE PARTIES ESTIMATE THAT YOU WILL RECEIVE THE FOLLOWING GROSS AMOUNT: $_____.

- Pursuant to a proposed class action Settlement (the "Settlement"), CEVA Logistics U.S., Inc. and CEVA Freight Management International Group, Inc. (collectively "CEVA") will pay $350,000.00 to resolve certain alleged "wage-and-hour" claims arising from work performed by non-exempt employees at CEVA's Mira Loma Fulfillment Center in the State of California from July 15, 2010 through September 30, 2013 (the "Class Period").

- Court-appointed lawyers for the Class will ask the Court for up to $87,500.00 for fees and up to $25,000.00 for expenses, to compensate them for investigating the facts, litigating the case and negotiating the Settlement.

- <u>**Your legal rights are affected whether you act or don't act. Read this Notice carefully.**</u>

- These rights and options -- **and the deadlines to exercise them --** are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

1.    SUBMIT A VALID AND TIMELY CLAIM FORM

If you submit a valid and timely Claim Form you will receive a Settlement payment in exchange for waiving your rights with respect to the claims at issue.

**2. DO NOTHING**

If you do nothing you will waive your rights with respect to the claims at issue and you will not receive a Settlement payment.

**3. EXCLUDE YOURSELF**

If you wish to be excluded from the Settlement and you submit a valid and timely Request for Exclusion, you will preserve your rights with respect to the claims at issue and will not receive a Settlement payment.

**4. OBJECT**

If you do not exclude yourself from the Settlement you may write to the Court about why you don't agree with the Settlement by filing and serving a Notice of Objection. The Court may or may not agree with your objection. Objecting to the Settlement will not exclude you from the Settlement.

## BASIC INFORMATION

**1. Why did I get this Notice Packet?**

CEVA's records and the records of certain third-party staffing agencies (hereinafter referred to as "CEVA's records") indicate that you worked as a non-exempt employee at CEVA's Mira Loma Fulfillment Center in the State of California at some point from July 15, 2010 through September 30, 2013 as either a direct employee of CEVA or through a third-party staffing agency.

You have a right to know about the proposed Settlement of this Action and about all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections and appeals are resolved, a Settlement Administrator appointed by the Court will distribute payments provided in the Settlement.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

The Court in charge of this Action is the United States District Court, Central District of California, and the Action is titled *Sergio Aquino v. CEVA Logistics U.S., Inc., et al.*, Case No. 5:14-CV-01795-VAP-DTB. The individual who brought this lawsuit is Sergio Aquino ("Plaintiff").

**2. What is this lawsuit about?**

Plaintiff claims that CEVA subjected its employees to security checks when they exited CEVA's Mira Loma Fulfillment Center after the employees clocked out, resulting in uncompensated wait time. Plaintiff claims this resulted in violations of the California

2

Labor Code and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and that Class Members are entitled to unpaid wages and penalties. CEVA denies all of these alleged violations and denies any liability to Class Members.

3.   **Why is this Action a class action?**

In a class action, one or more individuals called "Class Representatives" (in this case, Sergio Aquino), sue on behalf of themselves and people who have similar claims. The people on whose behalf the Class Representative brings this lawsuit comprise a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

4.   **Why is there a Settlement?**

Plaintiff believes that the claims have merit based on alleged violations of California's wage and hour laws, and that the Class is entitled to certain damages and penalties. CEVA denies any liability or wrongdoing of any kind associated with the claims in the lawsuit and contends that due to the costs of risks associated with future litigation, settlement is in the best interests of the parties. CEVA further contends that it has fully complied with California law.

The Settlement was reached after substantial investigation by Plaintiff and arms-length negotiations between Plaintiff and CEVA. This Settlement represents a compromise and settlement of highly-disputed claims. Plaintiff and his counsel have determined that the Settlement is fair, reasonable, adequate and is in the best interests of the members of the Class. The Court has made no ruling on the merits of the Class Members' claims and has determined only that class certification is appropriate for purposes of settlement only.

## WHO IS IN THE SETTLMENT?

5.   **How do I know if I am part of the Settlement?**

The Court decided that everyone who fits the following description is a Class Member. The Class consists of the following employees who do not exclude themselves from the Settlement:

> All current and former non-exempt employees employed by CEVA at CEVA's Mira Loma Fulfillment Center in the State of California from July 15, 2010 through September 30, 2013, and includes persons paid through third-party staffing agencies.

The Class falls into the following two Sub-Classes:

> CEVA Sub-Class: All current and former non-exempt employees directly employed by CEVA at CEVA's Mira Loma Fulfillment Center in the State of California from July 15, 2010 through September 30, 2013.

Temp Sub-Class: All current and former non-exempt employees placed by and paid through third-party staffing agencies and placed at CEVA's Mira Loma Fulfillment Center in the State of California from July 15, 2010 through September 30, 2013.

If you have received this Notice, it is because CEVA's records indicate that you are a Class Member and are a member of either the CEVA Sub-Class or the Temp Sub-Class.

6.     **I'm still not sure if I am included.**

If you are still not sure whether you are included, or if you have any other questions about this lawsuit, you may contact the Settlement Administrator at *Aquino v. CEVA Logistics U.S., Inc., et al.*, c/o Class Action Administration, Inc., [ADDRESS, and TELEPHONE NUMBER].

## THE SETTLMENT BENEFITS -- WHAT YOU GET

7.     **What does the Settlement provide?**

CEVA agreed to pay a total of $350,000.00 to settle this case. All payments to Class Members shall be funded from that amount, as well the following payments: (1) for Plaintiff's counsel's attorneys' fees up to $87,500.00, which is 25.00% of the maximum total payment, subject to Court approval; (2) for past, present and future costs incurred by Plaintiff's attorneys up to a maximum of $25,000.00, subject to Court approval; (3) a service payment of $5,000.00 to the named Plaintiff Sergio Aquino, as approved by the Court; and (4) estimated settlement administration costs of $30,000.00. The Court must approve all amounts that are deducted from the Settlement.

After the deductions described above, the remaining net amount (the "Net Settlement Amount") will be available for distribution to the Class Members who submit a timely and valid Claim Form ("Participating Class Members").

8.     **How much will my payment be?**

CEVA will pay an Individual Settlement Payment to each Participating Class Member who does not opt out of the Settlement.

The amount of your Individual Settlement Payment will depend on the number of weeks you worked at CEVA's Mira Loma Fulfillment Center in the State of California from July 15, 2010 through September 30, 2013 and whether you were directly employed by CEVA (a CEVA Sub-Class Member) or placed by and paid through a third-party staffing agency (a Temp Sub-Class Member). CEVA Sub-Class Members will be assigned 1.5 Workweek Points for each week worked. Temp Sub-Class Members will be assigned 1.0 Workweek Points for each week worked. The value of each Workweek Point will be determined by dividing the Net Settlement Amount by the total number of Workweek

Points among all Class Members. Your Minimum Individual Settlement Payment is equal to your total number of Workweek Points multiplied by the value of each Workweek Point. **The Minimum Individual Settlement Payment to you as a Participating Class Member will be $ ___.** This estimated payment is based upon CEVA's records that indicate you were a [CEVA Sub-Class Member or Temp Sub-Class Member] who worked ___ weeks at CEVA's Mira Loma Fulfillment Center in the State of California from July 15, 2010 through September 30, 2013. This estimated amount may change depending on factors such as the amount of fees and/or expenses ultimately awarded by the Court and the number of claims submitted. The Settlement Administrator will calculate your Actual Individual Settlement Payment based on the Participating Workweek Point Value. The Participating Workweek Point Value will be calculated by dividing the Net Settlement Amount by the total number of Workweek Points among all Participating Class Members who submitted a timely and valid Claim Form. Your Actual Individual Settlement Amount will be calculated by multiplying your total number of Workweek Points by the Participating Workweek Point Value. This can only be calculated after the time to submit a Claim Form has expired and the Court has granted Final Approval of the Settlement and after any appeals are resolved or the time to appeal has lapsed.

Individual Settlement Payments will be allocated as follows: 50% of each Individual Settlement Payment shall be allocated as wages and 50% shall be allocated as statutory and civil penalties and will be reported on IRS Form W2 and IRS Form 1099, respectively. Each of the Participating Class Members who receive an Individual Settlement Payment will be responsible for all taxes incurred on said payment that each of them are required by law to pay as an employee, including income taxes, and to the extent any portion constitutes interest or penalties, all state, federal and any other applicable withholdings and deductions. An IRS Form W2 and IRS Form 1099 will be issued with each payment.

## HOW YOU GET A PAYMENT

9.     **How can I get a payment?**

To qualify for an Individual Settlement Payment, you must submit a signed and completed Claim Form to the Settlement Administrator by [SUBMISSION DATE] at the following address: *Aquino v. CEVA Logistics U.S., Inc., et al.,* c/o Class Action Administration, Inc., [ADMIN NAME and ADDRESS]. After the Settlement becomes final, your Individual Settlement Payment will be mailed to you. California law protects Class Members from retaliation based on their decision to participate in a class action Settlement.

10.     **When would I get my payment?**

The Court will hold a hearing on or about [HEARING DATE] to decide whether to grant Final Approval to the Settlement. If the Court approves the Settlement after the hearing, and no appeals are filed, it is anticipated that your payment will be mailed to you in

approximately [MONTH] 2016. If an appeal is filed, it may take longer for your payment to be issued.

**11.  What happens if I don't submit a Claim Form?**

If you do not submit a Claim Form you will remain a Class Member and be bound by the terms of the Settlement and you will not receive a Settlement payment.

## EFFECT OF STAYING IN THE CLASS

**12.  What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against CEVA about the legal issues in this Action. It also means that all of the Court's orders, and the terms of the Settlement, including the release of any claims, will apply to you.

Unless you exclude yourself, you agree on your own behalf and your spouse, heirs, executors, administrators, trustees, and/or permitted assigns, to fully release any and all claims, causes of action, damages, wages, benefits, expenses, penalties, debts, rights, demands, liabilities, obligations, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown, suspected or unsuspected, arising from, or related to the operative facts as those alleged in the Action, including the Complaint, against CEVA, as follows: (1) all claims for failure to pay hourly wages in violation of California Labor Code §§ 200-204, 510, 1194, 1197, 1197.1 and 1198, and the applicable California Industrial Wage Order; (2) all claims for failure to pay overtime wages in violation of California Labor Code §§ 200-204, 510, 1194, 1197, 1197.1 and 1198, and the applicable California Industrial Wage Order; (3) all claims for failure to provide meal periods or compensation in lieu thereof in violation of California Labor Code §§ 226.7 and 512, the applicable California Industrial Wage Order, and California Code of Regulations, Title 8, § 11050; (4) all claims for failure to provide rest periods or compensation in lieu thereof in violation of California Labor Code §§ 226.7 and 512, the applicable California Industrial Wage Order, and California Code of Regulations, Title 8, § 11050; (5) all claims for failure to pay wages of terminated or resigned employees in violation of California Labor Code §§ 201-204; (6) all claims for failure to comply with itemized employees wage statement provisions in violation of California Labor Code § 226; and (7) all claims for violation of California Business and Professions Code §§ 17200-17208 (the "Released Claims").

The Released Claims extend to CEVA, any of its former and present parents, subsidiaries, and affiliates, and officers, directors, employees, partners, shareholders and agents, attorneys, and any other successors, assigns, or legal representatives, including, but not limited to CEVA Holdings, LLC, and any and all third-party staffing agencies, including, but not limited to, Staffmark, Volt Workforce Solutions, Select Staffing, and any other third-party staffing agencies that provide workers to CEVA during the Class Period (the "Released Parties").

6

As to the Released Claims, you expressly waive the rights and benefits of California Civil Code section 1542. California Civil Code section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, you forever agree that you shall not institute or participate in any lawsuit, administrative claim or action, arbitration, demand, or other action of any kind, including participation to any extent in any class or collective action, to obtain a recovery based on each and all of the allegations in the operative complaint in this matter, for harms arising during the Class Period.

The back of each check issued to the Participating Class Members will state as follows: "By endorsing this check, I acknowledge that I read, understood, and agree to the terms set forth in the Notice of Proposed Class Action Settlement and Final Fairness and Approval Hearing."

If you worked as a non-exempt employee at CEVA's Mira Loma Fulfillment Center in the State of California during the Class Period, including as a temp employee, and you do not elect to exclude yourself from the Settlement Class, you will be deemed to have released all of the Released Claims. In addition, you will be barred from ever suing CEVA and the Released Parties with respect to the Released Claims covered by this Settlement. If the Settlement is not approved by the Court or does not become final for some other reason, the litigation will continue.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement and you want to maintain the right to sue or continue to sue CEVA, on your own, about the legal issues in this case, then you must take steps to remove yourself from this Settlement. This is called excluding yourself -- or is sometimes referred to as "opting out" of the Settlement Class.

**13.    How do I get myself out of the Settlement?**

If you do not wish to participate in the Settlement, you may be excluded (*i.e.*, "opt out") by submitting a timely Request for Exclusion. If you wish to exclude yourself from the Settlement, you must submit a Request for Exclusion postmarked on or before [EXCLUSION DATE].

Anyone who wishes to submit a Request for Exclusion must complete, sign and date a Request for Exclusion and return it, by First-Class U.S. Mail, to:

*Aquino v. CEVA Logistics U.S., Inc., et al.*
c/o Class Action Administration, Inc.

[ADDRESS]

The Request for Exclusion should take the form of a signed letter that includes your name, address, telephone number, the last four digits of your Social Security Number, and a clear statement that you do not wish to be included in the Settlement such as "I hereby wish to exclude myself from the settlement in Aquino v. CEVA Logistics U.S., Inc., et al." The Request for Exclusion must be postmarked no later than [EXCLUSION DATE]. **If you submit a Request for Exclusion which is not postmarked by [EXCLUSION DATE], your Request for Exclusion will be rejected and you will be bound by the Settlement terms, including the release.** The Request for Exclusion must be sent through the United States Postal Service by First Class Mail, by email, or by facsimile. Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your Request for Exclusion.

Any person who submits a complete and timely Request for Exclusion shall, upon receipt, no longer be a member of the Settlement Class, shall be barred from participating in any portion of the Settlement, and shall receive no benefits from the Settlement. Any such person, at his or her own expense, may pursue any claims he or she may have against CEVA.

### 14. If I don't exclude myself, can I sue CEVA for the same thing later?

No. Unless you exclude yourself, you give up any right to sue CEVA for the Released Claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit based on Released Claims arising from July 15, 2010 through September 30, 2013. Remember, the exclusion deadline is [EXCLUSION DATE].

### 15. If I exclude myself, can I get money from this Settlement?

No. If you exclude yourself from the Settlement, you will not receive payment under this Settlement. However, you may sue, continue to sue, or be part of a different lawsuit against CEVA.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer representing me in this case?

The Court agreed that the law firm of Hamner Law Offices, APC, 555 W. 5th Street, 31st Floor, Los Angeles, California 90013 may represent you and other Class Members in this Action only. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

A portion of the total Settlement will be paid to Class Counsel for attorneys' fees and costs, to be set by the Court, up to a maximum of $87,500.00 for fees and $25,000.00 for expenses. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement. The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT

If you do not exclude yourself from the Settlement, you have the right to tell the Court that you do not agree with the Settlement or some part of it.

**18.    How do I tell the Court that I don't like the Settlement?**

If you do not exclude yourself from the Settlement, you can object to the terms of the Settlement before Final Approval by the Court. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement. To object, you must file a written Notice of Objection. The Final Approval Hearing is currently set for [HEARING DATE], at [HEARING TIME] (Pacific Time) in Judge Virginia A. Phillips' Courtroom in the United States District Court, Central District of California. You must file your Notice of Objection with the Clerk of the United States District Court, Central District of California and deliver copies of it to Class Counsel and Counsel for CEVA:

Class Counsel
Christopher J. Hamner, Esq.
Amy T. Wootton, Esq.
HAMNER LAW OFFICES, APC
555 W. 5th Street, 31st Floor
Los Angeles, California 90013

and

Counsel for CEVA
Demery Ryan, Esq.
Carlos Jimenez, Esq.
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107

Any Notice of Objection should state each specific reason in support of your objection and any legal support for each objection. Your Notice of Objection should also state your full name and be signed by you. To be valid and effective, any Notice of Objection must be filed with the Clerk of the Court and postmarked for delivery to Class Counsel and Counsel for CEVA no later than [OBJECTION DATE].

## DO NOT TELEPHONE THE COURT.

If you choose to file an objection to the terms of this Settlement, you may enter an appearance in propria persona (meaning you choose to represent yourself) or through

your own attorney at your own expense. To do so, you must file an Entry of Appearance with the Clerk of the United States District Court, Central District of California and deliver copies to Class Counsel and Counsel for CEVA listed above. Such Entry of Appearance must be filed with the Court and delivered to the above attorneys no later than [EXCLUSION DATE]. You will then continue as a Participating Class Member either in propria persona or with representation by your own attorney, and you will be solely responsible for the fees and costs of your own attorney. The Final Approval Hearing at which the Court will be asked to approve the Settlement will be at [HEARING TIME] (Pacific Time) on [HEARING DATE] in Judge Virginia A. Phillips' Courtroom located at the United States District Court, Central District of California, or such other later date as the Court may authorize.

### 19.    What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. If you intend to object to the Settlement, but wish to receive your share of the Settlement, you must follow the procedures for filing objections discussed above. If the Court approves the Settlement despite any objections, you will still receive any Settlement proceeds due to you under the Settlement. On the other hand, if you exclude yourself from the Settlement, or opt out, you will not get a payment and you will maintain the right to sue or continue to sue CEVA, on your own and at your own expense. If you exclude yourself from the Settlement, you will not be entitled to file an objection or be heard at the Final Approval Hearing.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you are not required to do so.

### 20.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing in Judge Virginia A. Phillips' Courtroom of the United States District Court, Central District of California, on [HEARING DATE], at [HEARING TIME] (Pacific Time), to determine whether the Settlement should be finally approved as fair, reasonable and adequate. The Court also will be asked to approve the Individual Settlement Payments, Class Counsel's request for attorneys' fees and expenses, the Class Representative Enhancement Payment to be paid to Plaintiff Sergio Aquino, and the settlement administration costs. The hearing may be continued without further notice to the Settlement Class.

### 21.    Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But, you are welcome to attend at your own expense. If you filed a Notice of Objection, you do not have to be present in Court to talk about it. As long as you filed your Notice of Objection on time,

the Court will consider your objection. You may also pay your own lawyer to attend, but it is not necessary.

## 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Aquino v. CEVA Logistics U.S., Inc., et al.*" Be sure to include your full name, address, telephone number and your signature. Your Notice of Intention to Appear must be postmarked no later than [EXCLUSION DATE], and be sent to the Clerk of the United States District Court, Central District of California as well as Class Counsel and Counsel for CEVA at the two addresses listed in question 18 above.

## GETTING MORE INFORMATION

## 23. Are there more details about the Settlement?

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you should consult the detailed "Joint Stipulation of Class Action Settlement," which may be examined at any time during regular business hours at the Office of the Clerk of the Clerk of the United States District Court, Central District of California.

If you want additional information about this lawsuit and its proceedings, you should contact the Settlement Administrator at *Aquino v. CEVA Logistics U.S., Inc., et al.*, c/o Class Action Administration, Inc., [ADDRESS, and TELEPHONE NUMBER].

# EXHIBIT B

*SERGIO AQUINO V. CEVA LOGISTICS U.S., INC., ET AL.*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CASE NO. 5:14-CV-01795-VAP-DTB

## CLAIM FORM

[CLASS MEMBER'S NAME]
[CLASS MEMBER'S STREET ADDRESS]
[CITY, STATE ZIP]

**INSTRUCTIONS**: To make a claim and receive payment in connection with this class action lawsuit, you must complete and sign this form as well as the blank IRS forms W-4 and W-9 enclosed in the Notice Packet and mail them back before [SUBMISSION DATE] to:

*Aquino v. CEVA Logistics U.S., Inc., et al.*
c/o Class Action Administration, Inc.
[ADDRESS]
[TELEPHONE NUMBER]

According to CEVA's and/or certain third-party staffing agencies' records, you are a [CEVA Sub-Class Member or Temp Sub-Class Member] who worked ____ weeks at CEVA's Mira Loma Fulfillment Center from July 15, 2010 through September 30, 2013. Accordingly, your Minimum Individual Settlement Payment is $ _____.

**I HAVE READ AND UNDERSTAND** the claim information provided to me directly above and the Notice provided with this Claim Form. I understand that I will be bound by all release provisions explained in the Notice. I understand that the Settlement Administrator will use my claim information to calculate my Actual Individual Settlement Payment. I further understand that the monetary figure provided to me, representing how much I may receive as part of this Settlement is only an estimate and is subject to change depending on the Court's Final Approval determination and the number of class members who make valid claims.

I confirm I have received written notice of the pending Settlement in this class action litigation, and I have decided to make a claim from the Settlement fund.

Dated: _____      Signature: _____


Printed Name: _____

*Remember to return your completed Claim Form and your completed IRS forms W-4 and W-9 to the Settlement Administrator before [SUBMISSION DATE] in order to submit a valid claim.*

# EXHIBIT 2

# LAFFEY MATRIX















| Year | Adjustmt Factor** | Paralegal/ Law Clerk | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| | | | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-

594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

# EXHIBIT 3

| Aquino v. CEVA | | |
| Christopher J. Hamner | | |
| Date | Detail | Time |
| 2/10/2014 | Telephonic and written communications with Sergio Aquino re potential claims | 1.0 |
| 5/6/2014 | Research and investigation into claims, CEVA and other potential defendants | 1.7 |
| 6/3/2014 | Communicate with Sergio Aquino re potential claims | 0.2 |
| 6/5/2014 | Begin preparation of complaint | 0.8 |
| 6/9/2014 | On-line legal research re claims for complaint | 1.4 |
| 6/23/2014 | Work on complaint and confer with client | 3.7 |
| 6/24/2014 | Continue drafting complaint | 1.3 |
| 7/7/2014 | Continue drafting complaint | 2.2 |
| 7/15/2014 | Finalize complaint and instructions to MB re filing same | 1.1 |
| 7/16/2014 | Confer with ATW re case, strategy and handling | 0.6 |
| 8/12/2014 | Communicate with client re case and new contact information | 0.3 |
| 8/29/2014 | Draft preliminary discovery | 1.2 |
| 8/29/2014 | Review Answer | 0.2 |
| 10/8/2014 | Review Opposition to Motion to Remand and confer with ATW re same | 1.4 |
| 12/3/2014 | Strategize with ATW re Rule 26 | 0.3 |
| 12/3/2014 | Confer with ATW re potential mediation | 0.2 |
| 12/9/9014 | Confer with CJH re case law and strategy | 0.3 |
| 12/18/2014 | Confer with ATW re Subpoena issed to Staffmark Holdings, Inc. and Staffmark Investment, LLC | 0.2 |
| 2/6/2015 | Strategize with ATW re threatened motion to compel arbitration | 0.5 |
| 2/9/2015 | Confer with ATW re meet and confer letter from defense counsel re compelling | 0.3 |
| 2/10/2015 | Confer with ATW re arbitration issue | 0.2 |
| 3/5/2015 | Confer with ATW re case and mediation | 0.6 |
| 3/3/2015 | Confer with ATW re CEVA's Reply in Support Motion to Compel Arbitration | 0.4 |
| 3/24/2015 | Confer with ATW re Order denying CEVA's Motion to Compel Arbitration | 0.3 |
| 4/15/2015 | Confer with ATW re CEVA;s agreement to provide documentation in advance of mediation | 0.2 |
| 4/16/2015 | Communicate with consultant re case, need for assistance with damage analysis, issues pertaining to resolution and mediation | 1.4 |
| 5/17/2015 | Communicate with consultant re case, damage analysis, mediation | 2.9 |
| 5/18/2015 | Strategize with ATW re mediation brief and communicate with consult re same | 1.1 |
| 5/26/2015 | Confer with ATW re her discussion with Joel Grossman, communicate with consult re same | 1.2 |

| Date | Description | Hours |
|------|-------------|-------|
| 5/27/2015 | Meet with consultant and related travel | 4.4 |
| 5/28/2015 | Meet with consultant, confer with ATW, prepare for and attend mediation | 11.6 |
| 6/17/2015 | Confer with ATW re discussion re agreement to assign a higher wage amount to CEVA employees versus staffing workers based upon disparity of hourly wages | 0.2 |
| 6/29/2015 | Confer with ATW re settlement stipulation | 0.3 |
| 7/16/2015 | Confer with ATW re revisions to settlement stipulation | 0.2 |
| 7/31/2015 | Review revised Settlement Stipulation and exhibits thereto and confer with ATW re same | 1.8 |
| 8/28/2015 | Review settlement stipulation and prepare declaration in support of preliminary approval motion | 3.8 |
| 3/29/2016 | Work on Declaration ISO of Motion for Attorneys Fees and Costs | 2.7 |
| | Anticipated: Prepare for and attend Final Approval Hearing, perform work to wrap up case including communicating with class members and working with settlement administrator on distribution and declaration re final disbursement to be submitted to the Court, conferring with co-counsel and defense counsel re potential issues re valid claims, and the acceptance of any late claims, disposition of confidential information | 5.0 |

**TOTAL HOURS** 57.2

Aquino v. CEVA
Amy Wootton

| DATE | DETAIL | TIME |
|---|---|---|
| 7/16/2014 | Confer with CJH re case and handling | 0.6 |
| 8/28/2014 | Review complaint and case file, review and analysis of Answer filed by Littler and confer with CJH re same | 1.3 |
| 9/2/2014 | Review and analysis of Notice of Removal and related filings, including Notice of Assignment to Hon. Virginia A. Phillips and Magistrate David T. Bristow (for discovery motions) | 1.1 |
| 9/5/2014 | Review and analysis of Supplemental filings by defendants | 0.3 |
| 9/9/2014 | Prepare subpoena to temp. agency | 0.3 |
| 9/12/2014 | Confer with Carlos Jimenez, attorney for defendants, re Notice of Removal, review and analysis of Notice of Removal and supporting declarations, confer with MB re service of defendants and review proof of service re CEVA Holdings on July 31, 2014, legal research, prepare email to Carlos Jimenez re CEVA Holdings, LLC served on July 31, 2014 and other issues contained in the Notice of Removal per LR 7-3 | 3.7 |
| 9/15/2014 | Communicate with Carlos Jimenez re meet and confer time and date | 0.2 |
| 9/16/2014 | Legal Research in connection with motion to remand and work on Motion to Remand | 2.3 |
| 9/17/2014 | Work Motion to Remand, telephone conference with Cvarlos Jimenez and Demery Ryan re Motio to Remand | 1.3 |
| 9/18/2014 | Confer with MB re service of CEVA Holdings and no information or indication that there was a refusal of service as indicated by defense counsel | 0.2 |
| 9/19/2014 | Prpare email to defense counsel requtins tdocumentatio to surrport their assertion that CT corp refused service on behalf of CEVA Holdings | 0.2 |
| 9/22/2014 | work on Motion to Remand and prepare declarationin support of motion | 2.5 |
| 9/23/2014 | WORK ON motion to Reman (including calculations) and Notice of Motion and instructions to MB re exhibits | 3.4 |
| 9/25/2014 | Review and analysis of email from D. Ryan re CEVA Holdings and possibility of her obtaining a declaration re lack of service and inquiry re early conference of counsel | 0.1 |
| 9/26/2014 | Finalize Motion to Remand and Declaration following email from D. Ryan, prepare proposed order | 3.2 |
| 10/1/2014 | Telephone conference with client re his experience with the security measures | 0.3 |
| 10/3/2014 | Prepare for and attend early conference of counsel with Demery Ryan and Carlos Aquino and Related travel | 4.4 |
| 10/7/2014 | Review and analysis of Defendants' Opposition to Motion for Remand and declaration in support thereof, research case law cited therein, prepare email to defense counsel re contents of Demery Ryan's declaration, review reply from C. Jimenez | 2.3 |

## AQUINO v. CEVA
### Amy T. Wootton

| | | |
|---|---|---|
| 10/8/2014 | Legal research, work on Reply in Support of Motion for Remand | 4.2 |
| 10/9/2014 | Finalize Reply, prepare declaration in support of reply | 1.2 |
| 10/13/2014 | Review and analysis of email from D. Ryan and attached Joint Report | 0.3 |
| 10/14/2014 | Work on Joint Report, prepare email to defense counsel with attached Joint Report, review email from D. Ryan re additional changes, revwie Joint Report and prepare email to Ms. Ryan re my additional changes and acceptance of her additional changes. | 1.5 |
| 10/15/2014 | Prepare email to D. Ryan re status of the Joint Report and request confirmation that it was filed | 0.1 |
| 10/16/2014 | Communicate with defense counsel re inability to file Joint Report as Court requires trial estimate and agreement re estimated trial length | 0.3 |
| 10/17/2014 | Review and analysis of employment records of Sergio Aquino from Staffmark Temp Agency | 1.0 |
| 10/27/2014 | Prepare for and attend hearing on motion for Remand and related travel | 5.2 |
| 10/29/2014 | Review and analysis of Court's Minute Order re hearing, reviw and analysis of Order Denying Motion to Remand, prepare email to Demery Ryan re agreeing on the actual date for the Initial Disclosure and the possibility of scheduling a mediation and proposing several mediators, review and analysis of employment records from staffing agency Staffmark Investment, LLC, prepare Initial Disclosures, communicate with the clients re same, review email from D. Ryan agreeing to proposed course of action and clarifying date for Initial Disclosures | 3.4 |
| 10/30/2014 | Review court's order continuing Scheduling Conference from November 3 to November 24, 2015 | 0.1 |
| 10/31/2014 | Review and analysis of email from Demery Ryan re continuing the Scheduling Conference as she will be out of the country and her proposed date December 8, prepare email to D. Ryan agreeing to her request and asking she prepare a stipulation, and review reply re same | 0.3 |
| 11/3/2014 | Review and analysis of email from Demery Ryan ana attached draft stipulation, declaration and proposed order re continuing Scheduling Conference (sent on October 31), and revise stipulation and proposed order, prepare email to Demery Ryan re same, Review final stipulation and proposed order and advise that it is acceptable for filing, finalize Initial Disclosures | 0.6 |
| 11/4/2014 | Review and analysis of Court's Order granting continuance of Scheduling Conference to December 8, review and analysis of email from Demery Ryan re service of Initial Disclosures and Deposition of Plaintiff, prepare email to D. Ryan advising that the deposition date she selected from Mr. Aquino will not work | 0.4 |

# AQUINO v. CEVA
## Amy T. Wootton

| | | |
|---|---|---|
| 11/13/2014 | Prepare email to D. Ryan re status of Mr. Aquino's deposition and mediation, telephone conference with D. Ryan re deposition and mediation, communicate with client re deposition in January 2015, review and analysis of CEVA's Initial Disclosures | 0.6 |
| 11/14/2014 | Review and analysis of Defendant's Request for Production of Documents, Set 1 (1-62) Defendant's Request for Admissions; and Defendant's Special Interrogatories, prepare email to client re same, prepare email to D. Ryan requesting an extension to respond to discovery given the problem we had received mail and fact that Sergio Aquino's deposition will not go forward until January 2015, prepare email to client re discovery | 3.8 |
| 11/18/2014 | Prepare Request for Production of Documents, Set 1 to CEVA Logistics, prepare Special Interrogatories, Set 1, to CEVA Logistics, prepare Request for Production of Documents, Set 1 to CEVA Freight Management, prepare Special Interrogatories, Set 1, to Ceva Freight Management, prepare Requests for Admissions, Set 1 to CEVA Freight Management, prepare Request for Admissions, Set 1 to CEVA Logistics | 4.3 |
| 11/19/2014 | Begin preparing Plaintiff's Responses Defendant's Request for Production of Documents, Set 1 (1-62) amd Defendant's Special Interrogatories | 4.8 |
| 11/22/2014 | Review and analysis of email from client re discovery responses, work on Plaintiff's Responses Defendant's Request for Production of Documents, Set 1 (1-62),  Defendant's Special Interrogatories and begin preparing Plaintiff's Responses to Defendant's Request for Admissions | 4.5 |
| 11/23/2014 | Review and analysis of second email from client re discovery responses (sent on November 22) re Special Interrogatories | 0.5 |

## AQUINO v. CEVA
### Amy T. Wootton

| | | |
|---|---|---|
| 12/3/2014 | Telephone conference with Demery Ryan re agreement to mediate with Joel Grossman, suspending discovery, advising the Court that we need to continue the date of the class certification motion, providing necessary documents and information for mediation and possibly adjusting the class definition, and trying to get the mediation set for March, prepare email to client re status of case, prepare email to Demery Ryan confirming telephone agreement re suspending discovery, request for information/documentation in order to properly evaluate the claims, agreement to provide Plaintiff's pay stub(s), request for information re attempts to schedule a mediation with Joel Grossman in February or March 2015, and possibility of filing of supplemental report which includes updated information on our settlement efforts and proposed dates for class certification briefing, confer with CJH re same, communicate with Brittany Naisbitt, Case Manager for Joel Grossman re his availability in January and February 2015, review email from D. Ryan re mediation and prepare email to Demery Ryan re same | 1.9 |
| 12/3/2014 | Telephone conference with Demery Ryan re agreement to mediate with Joel Grossman, suspending discovery, advising the Court that we need to continue the date of the class certification motion, providing necessary documents and information for mediation and possibly adjusting the class definition, and trying to get the mediation set for March, prepare email to client re status of case, prepare email to Demery Ryan confirming telephone agreement re suspending discovery, request for information/documentation in order to properly evaluate the claims, agreement to provide Plaintiff's pay stub(s), request for information re attempts to schedule a mediation with Joel Grossman in February or March 2015, and possibility of filing a  supplemental report which includes updated information on our settlement efforts and proposed dates for class certification briefing, confer with CJH re same, communicate with Brittany Naisbitt, Case Manager for Joel Grossman re his availability in January and February 2015, review email from D. Ryan re mediation and  prepare email to Demery Ryan re same | 1.9 |
| 12/4/2014 | Communicate with D. Ryan re mediation dates, confer with CJH re same, communicate with Joel Grossman's assistant re same | 0.4 |
| 12/8/2014 | Prepare for and attend Scheduling Conference and confer with Demery Ryan re same and related travel | 5.1 |

## AQUINO v. CEVA
### Amy T. Wootton

| | | |
|---|---|---|
| 12/9/2014 | Communicate with Brittani, Joel Grossman's assistant re statement of the case and information regarding the parties and counsel, review email re: new U.S. Supreme Court case holding that employees cannot recover lost wages from waiting in security lines (Integrity), research re: cases distinguishing federal FSLA from California Labor Code for purpose of new Supreme Court ruling interpreting FSLA and Nevada Labor Laws, and prepared memo re: same | 2.1 |
| 12/18/2014 | Review and analysis of Notice of Issuance of Subpeena and Request for Production of Deocuments directed to Staffmark Holdings, Inc. and Staffmark Investment, LLC and confer with CJH re same | 0.5 |
| 1/6/2015 | Review emai from Demery Ryan confirming agreement during our discussion (prior to the Rule 26 conference) that defendants' practice of preserving security camera video footage on a rolling 30 day basis is sufficient for document preservation in this case, and that defendants need not take further preservation measures. | 0.2 |
| 1/12/2015 | Prepare email to Demery Ryan requesting the production and preservation of the footage from December 2014 for mediation | 0.2 |
| 1/15/2015 | Review and analysis of email from Demery Ryan re video footage preservation | 0.1 |
| 1/16/2015 | Prepare email to Demery Ryan re video footage preservation and request to view same for facilities in December 2014 | 0.1 |
| 1/20/2015 | Prepare email to Demery Ryan re documents needed for mediation | 0.1 |
| 1/23/2015 | Telephone conference with C. Jimenez re mediation set with Joel Grossmand and trying to obtain all documentation from D. Ryan in advance | 0.1 |
| 1/26/2015 | Prepare email to Demery Ryan re documents for mediation | 0.1 |
| 2/2/2015 | to D. Ryan re same, telephone conference with Demery Ryan re Aquino signing an arbitration agreement with Staffmark, her position that it applies to CEVA, limited scope of the class due to the fact that CEVA move the time clocks in September 2013 to capture waiting time, discussion re arbitration and mediation and settlemnt - including assertion that Aquino signed and arbitration agreement with Staffmark and in it, there is reference to CEVA and Judge Phillips has enforced it against another employer, Nordstrom, but Staffmark was in the case, in that case, wants to see if amndable to moveing the case into arbitration based upon this agreement or individual settlment (class period 2010 - September 2013 off clock through security - Since September 2013 they have time clocks until September 2013, when they changed it, so there is a small class; only 1 location, here, people say less than 2 minutes through security, discussion re our position on considering an individual settlement, their resolve to prevail and fact that they will bring Staffmark in as a defendant if need be and file motion to arbitrate; what about availing themselves to litigation and waiving right to arbitrate, | 2.9 |

5

# AQUINO v. CEVA
## Amy T. Wootton

| | | |
|---|---|---|
| 2/3/2015 | Review email from Demery Ryan attaching a portion of the arbitration agreement and Judge Phillips ruling in another rmatter involving a temporary agency and the empooyer, analysis to the documents and preapre email t o defense consel explaining why the other case is inapplicable and how any motion to compel arbitration would fail based upon the facts, telephone call to D. Ryan re same | 1.3 |
| 2/4/2015 | Review and analysis of email from Cara Sherman attaching the complete copy of Staffmark's Arbitration Agreement, telephone calls to Demery Ryan and Cara Sherman, telephone call with Demery re reviewing order issued by Judge Phillips and her ruling (1) agency relationship allege (2) equitable estoppel argument, (3) related entity argument-intertwined and based on same facts, intends to move on behalf of CEVA and express intent to join Staffmark, still gathering documents, will discuss, individual settlement | 0.7 |
| 2/3/2015 | Review email from Demery Ryan attaching a portion of the arbitration agreement and Judge Phillips ruling in another matter involving a temporary agency and the employer, analysis of the documents and prepare email to defense counsel explaining why the other case is inapplicable and how any motion to compel arbitration would fail based upon the facts, telephone call to D. Ryan re same | 1.3 |
| 2/4/2015 | Review and analysis of email from Cara Sherman attaching the complete copy of Staffmark's Arbitration Agreement, telephone calls to Demery Ryan and Cara Sherman, telephone call with Demery re reviewing order issued by Judge Phillips and her ruling (1) agency relationship alleged, (2) equitable estoppel argument, (3) related entity argument-intertwined and based on same facts, intends to move on behalf of CEVA and express intent to join Staffmark, still gathering documents, will discuss individual settlement | 0.7 |
| 2/6/2015 | Strategize with CJH re threatened motion to compel arbitration (no PAGA bc one year SOL), and waiting for meet and confer from defense | 0.5 |
| 2/9/2015 | Review "meet and confer" letter from Demery Ryan re compelling arbitration, confer with CJH re same, prepare email to D. Ryan re my intent to respond after analysis of the letter and authorities cited therein | 0.6 |
| 2/10/2015 | Telephone conference with D. Ryan re fact that I have not analyzed the letter contents of her meet and confer, but that I will do so, confer with CJH re same, preliminary research re same | 2.4 |
| 2/11/2015 | Legal research re arbitration agreement and issues pertaining to non-signatories trying to enforce arbitration agreement, work on letter to Demery Ryan re compelling arbitration | 4.6 |
| 2/12/2015 | Continue research for letter, work on letter to Demery Ryan re demand for arbitration | 3.4 |
| 2/13/2015 | Finalize letter to Demery Ryan re arbitration demand | 0.3 |

Case 5:14-cv-01795-VAP-DTB   Document 53   Filed 09/07/16   Page 79 of 91   Page ID #:694

# AQUINO v. CEVA
## Amy T. Wootton

| | | |
|---|---|---|
| 2/18/2015 | Review and analysis of all documents filed in Support of CEVA's Motion to Compel Arbitration, prepare Opposition to Motion to Compel Arbitration | 5.4 |
| 2/19/2015 | Work on Opposition to Motion to Compel Arbitration, continue research, telephone conference with D. Ryan re mediation | 4.5 |
| 2/23/2015 | Continue researching and prepare Opposition to Motion to Compel Arbration | 4.8 |
| 3/3/2015 | Review Reply in Support Motion to Compel Arbitration and confer with CJH re same | 0.9 |
| 3/4/2015 | Review Court Order continuing hearing from March 16 to March 23, 2015 | 0.1 |
| 3/5/2015 | Telephone conference with Demery Ryan re continuing the mediation to accommodate time for the Court to rule on the Motoin to Compel Arbitration and agreement on May 28, review email from D. Ryan to Mr. Grossman's office re same | 0.5 |
| 3/6/2015 | Telephone conference with Demery Ryan re preparing a stipulation to continuing the date for the completion of the mediation, review email re same and attached stipulation and proposed order, prepare revision thereto, prepare email to Demery Ryan re revisions and authorize her to file the same | 0.4 |
| 3/11/2015 | Review Order from the Court continuing the last date to complete mediation to June 1, 2015 | 0.1 |
| 3/24/2015 | Review and analysis of Court's Order denying Motion to Compel Arbitration and confer with CJH re same | 0.8 |
| 4/6/2015 | Prepare email to defense counsel requesting information for mediation | 0.2 |
| 4/15/2015 | Telephone conference with Carlos Jimenez re fact that Demery Ryan will be providing requested information and documentation and confer with CJH re same | 0.3 |
| 4/23/2015 | Review and analysis of Notice of Appeal and Supporting documentation | 0.3 |
| 4/30/2015 | Prepare email to Demery Ryan requesting that her clients provide declarations which contains the information requested and any additional information that we may request in order to obtain admissible evidence, the applicable Employee Handbook and any attachments, and any footage reflecting the security procedures during the liability period and to the extent that none exists, we requested that the oldest footage preserved by produced (we may have agreed to footage from December 2014) | 0.3 |

7

## AQUINO v. CEVA
## Amy T. Wootton

| | | |
|---|---|---|
| 5/1/2015 | Review email from Demery Ryan re video footage requested for mediation (sent last night), prepared email to Demery Ryan and Carlos Jimenez re fact that we discussed most, if not all, of these items prior to and at the hearing on December 8, 2014 and that the mediation is now 4 weeks away and it is important that we receive the information soon, review out of office email from C. Jimenez | 0.4 |
| 5/6/2015 | Prepare lengthy email to Demery Ryan re information needed that she agreed to provide | 0.4 |
| 5/14/2015 | Review email from Demery Ryan re their intent to file a Motion to Stay and meeting and conferring as required by Rule 7-3 | 0.2 |
| 5/15/2015 | Prepare email to Demery Ryan proposing a discussion on May 22 at noon to discuss the intended Motion to Stay | 0.1 |
| 5/18/2015 | Review documents filed by CEVA in support of removal and note contradictions, confer with CJH re strategy, begin preparing Mediation Brief, prepare Special Interrogatories, Set Two to CEVA Logistics, prepared Special Interrogatories, Set Two to CEVA Freight Management, prepare email to Demery Ryan re her providing a declaration containing the information in her April 23 email | 5.8 |
| 5/19/2015 | Work on Mediation Brief, prepare email to defense counsel requesting additional information re (1) a declaration that contains the information contained in April 24, 2015 email, (2) CEVA's policies and procedures regarding the security screenings, (3) the total number of employees ("CEVA employees" and "temps") that worked at the Mira Loma location between 7/15/2010 and 10/15/2013, and (4) whether the relocation of the time clocks at Mira Loma allowed employees to clock in prior to the security screening upon entering the facility (the information provided only states that the time clocks were relocated so that employees "clocked out after the security screening process."), prepare email to Demery Ryan advising that we believe that the upcoming mediation will have a higher chance of success if mediation briefs are exchanged, so that each side fully understands the contentions and positions of the other side and inquire whether she is agreeable to exchanging mediation briefs | 6.4 |
| 5/20/2015 | Work on Mediation Brief, communicate with client | 5.8 |
| 5/21/2015 | Communicate with defense counsel re video footage and meet and confer | 0.2 |
| 5/22/2015 | Prepare Special Interrogatories, Set Three, to defendants, telephone conference with defense counsel (Demery Ryan and Ian) re mediation, agreeing to postpone meet and confer re mtoion to stay until after mediation, moving discovery deadline to accommodate for service on May 29, discussion re security measures and unwillingness to exchange mediation briefs, finalize mediation brief. | 6.6 |

## AQUINO v. CEVA
### Amy T. Wootton

| | | |
|---|---|---|
| 5/26/2015 | Telephone conference with mediator Joel Grossman re issues contained in the mediation briefs and issues re overtime, rest break and meal breaks and confer with CJH re same, prepared communications to client. | 0.8 |
| 5/27/2015 | Review email from Demery Ryan confirming our conversation last Friday, during which she agreed to defer filing CEVA'S contemplate motion to stay until after tomorrow's mediation, and I agreed to extend the response date for the discovery served by Mr. Aquino last week to Monday June 29 (31 days after the mediation), and our agreement to further meet and confer regarding the motion to stay on Friday, May 29 in the event that we do not reach a settlement tomorrow and prepare reply re same, communicate with client re mediation | 1.3 |
| 5/28/2015 | Prepare for and attend mediation and review and revise memorandum of understanding re class action settlement, communication with client re same. | 11.2 |
| 5/29/2015 | Prepare Notice of Settlement, prepare email to Demery Ryan re Notice of Settlement and requesting that she dismiss the appeal Pursuant the paragraph 17 of the MOU, review Joint Notice of Settlement filed | 0.8 |
| 6/1/2015 | Prepare email to Demery Ryan inquiring into the status of the dismissal of the appeal and settlement agreement | 0.2 |
| 6/2/2015 | Review email from Demery Ryan re settlement agreement and attached stipulation to dismiss appeal, sign and return same | 0.2 |
| 6/15/2015 | Prepare email to defense counsel re draft settlement agreement, review email from Carlos Jimenez advising that he is working on the settlement agreement | 0.3 |
| 6/17/2015 | Telephone conference with Carlos Jimenez re settlement agreement, assigning a higher amount to CEVA employees versus staffing workers based upon disparity of hourly wages, discussion re his receipt of email from Ninth Circuit re mediation conference, possibility of obtaining a quote for claims administration from ILYM Group and related issues, confer with CJH re same and instructions to MB to try to obtain a quote for claims administration from ILYM Group | 0.4 |
| 6/22/2015 | Review bid from ILYM Group, Inc., prepare email to defense counsel re same and if agreeable, using them as the claims administrator | 0.4 |
| 6/26/2015 | Telephone call to Carlos Jimenez re ILYM and status of the settlement agreement, communicate with client | 0.2 |
| 6/29/2015 | Telephone conference with Carlos Jimenez re ILYM and Garden City, final revisions to the client for the settlement agreement, calculations re workweeks and pay scale, CEVA still needs lots of time to gather all data and confer with CJH re same | 0.4 |

# AQUINO v. CEVA
## Amy T. Wootton

| | | |
|---|---|---|
| 7/7/2015 | Telephone call to Carlos Jimenez re status of the settlement agreement | 0.1 |
| 7/9/2015 | Telephone call to Carlos Jimenez re status of the settlement agreement | 0.1 |
| 7/13/2015 | Review and analysis of Joint Stipulation of Class Action Settlement, confer with CJH re certain provisions, prepare email to defense counsel re revisions to the Joint Stipulation of Class Action Settlement, concerns about the timing of the class data exchange and reviewing the proposed Exhibits to the Joint Stipulation of Class Action Settlement | 3.1 |
| 7/14/2015 | Review Court Docket and begin preparing Motion for Preliminary Approval | 2.4 |
| 7/16/2015 | Review email from Carlos Jimenez re suggested reviions and additions to the Joint Stipulation of Class Action Settlement, confer with CJH re same, prepare email responding to the outstanding issues involving the Joint Stipulation of Class Action Settlement | 1.3 |
| 7/21/2015 | Telephone call to Carlos Jimenez following up on my email dated July 16, prepare email to defense counsel re same, review email from Demery Ryan and prepare response thereto re Stipulation | 0.4 |
| 7/22/2015 | Review and analysis of Demery Ryan's comments re Stipulation and proposed revisions and agreement to accept some and her proposal to leave in "businessTelephone call to Carlos Jimenez following up on my email dated July 16, prepare email to defense counsel re same, review email from Demery Ryan and prepare response thereto re Stipulation days instead of calendar days  as indicated in the MOU, review Stipulation and note additional revision to paragraph 89 and questions regaridng paragraph 66, prepare two emails to defense counsel re concerns related to paragraph 66 and 89, request for Exhibits A and B and information relating to the hearing date for Preliminary Approval Motion | 1.9 |
| 7/27/2015 | Review email from defense counsel re additional revisions to the Joint Stipulation and attached Joint Stipulation of Class Action Settlement and prepare email to consel re acceptance of changes, need to circulate to clients and request for final exhibits upon receipt, prepare Second email to defense counsel to re concerns over paragraph 36 and distribution of unallocated funds, work on motion for Preliminary approval , review response from Demery Ryan re fact that all uncashed checks will escheat to the state | 2.2 |
| 7/29/2015 | Prepare email to Demery Ryan re fact that we are awaiting the final settlent stipulation and review of the Exhibits. | 0.1 |
| 7/31/2015 | Review and analysis of email from Demery Ryan and attached Joint Stipulation and Exhibits A and B  and make revisions thereto, prepare email to defense counsel re same | 1.2 |

# AQUINO v. CEVA
## Amy T. Wootton

| | | |
|---|---|---|
| 8/3/2015 | Prepare email to defense counsel following upon the status of the finalization of the Stipulation | 0.1 |
| 8/10/2015 | Prepare email to defense counsel following up on the status of the finalization of the Stipulation and exhibits, review email from D. Ryan re same, prepare email re same | 0.3 |
| 8/11/2015 | Prepare email to Demery Ryan re whether CEVA has signed the agreeemnt so we know whether we can send it to our client from review and signature | 0.1 |
| 8/17/2015 | Review Order re Notice of Settlement filed in May 2015 | 0.1 |
| 8/18/2015 | Review email from Demery Ryan (sent yesterday) re revised Settlement Stipulation and analysis of revisions, and prepare email to defense counsel re same and prepare email to client re finalized settlement agreement, communicate with client | 0.4 |
| 8/20/2015 | Review email from Demetry Ryan re her client's hesitancy to sign the agreement first, telephone conference with client re settlement agreement and his intent to review it and return it today, prepare email to D. Ryan advising her of the same | 0.4 |
| 8/21/2015 | Prepare email to client re settlement agreement | 0.1 |
| 8/22/2015 | Telephone conference with client re settlement agreement | 0.3 |
| 8/24/2015 | Recveive signed settlement agreement from client, instructions to MB to circulate same to all counsel | 0.2 |
| 8/25/2015 | Prepare email to defense counsel re status of the settlement agreement | 0.1 |
| 8/28/2015 | Review fully executed agreement, work on Motion for Preliminary Approval and information for CJH declaration. | 4.1 |
| 9/1/2016 | Work on Motion for Preliminary Approval, communicated with defense counsel re same | 2.3 |
| 9/2/2015 | Work on motion in conjunction with decalaration | 2.0 |
| 9/4/2015 | Finalize draft of motion and send to Demery Ryan for review | 1.1 |
| 9/8/2015 | Prepare Notice of Motion and Proposed order re Preliminary Approval | 2.2 |
| 9/9/2015 | Finalize Notice of Motion and Proposed Order re preliminary Approval and prepare email to defense counsel same and intent to file the motion and request for any comments this week | 1.0 |

## AQUINO v. CEVA
## Amy T. Wootton

| | | |
|---|---|---|
| 9/10/2015 | Instructions to MB re scheduling hearing, and determine that the Motion for Class Certification scheduled for October 26 at 2:00 and whether we need to file a stipulation or the motion will become moot with the filing of the Motion for Preliminary Approval, prepare email to defense come re same, review email from Demery Ryan that October 26 hearing is good and fact that we don't need to file a stipulation and proposed order based on the Court's August 17 minute order, the case is "closed", review second email from Demery Ryan re revision to describe th formula is a "participating" workweeks formula, since that is the one that will be used as a basis for the settlement checks and the inclusion of paragraph 39(b) into the motion for preliminary approval | 1.0 |
| 9/11/2015 | Prepare email to Demery Ryan re her proposed revision base on "participating" workweeks, review and analysis of email from D. Ryan with attached motion, notice and proposed order containing her porposed revisions and additions, telephone conference with Demery Ryan re same, finalize all documents for filing on Monday, September 14, 2015, prepare email to Demery Ryan re same | 1.3 |
| 10/19/2015 | Review eimail from Demery Ryan inquiring into whether the hearing on the Motion is going forward given the fact that PACER does not have it listed, review email from MB re her leaving a message for the clerk re same, review and analysis of Notice of Providing Notice of Class Action Settlement Pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1715 | 0.4 |
| 10/20/2015 | Prepare email to MB inquiring into whether the clerk contacted her re the hearing on the Motion for Class Certification is going forward on October 26 | 0.1 |
| 10/22/2015 | Inquire to MB re status of the hearing on October 26, review email from Demery Ryan re same | 0.2 |
| 10/26/2015 | Prepare for and attend hearing re Motion for Preliminary Approval, communicate with D. Ryan re proposed order and including a hearing date for final approval, prepare revised proposed order and email same to defense counsel, communicate with client re hearing and Judge's comments re incentive award | 5.5 |
| 10/27/2015 | Review email from C. Jimenez and telephone conference with C. Jimenez re potential issues with higher costs from CAA and non-interest bearing account, and strategy re notifying the court | 0.3 |
| 10/28/2015 | Review and analysis of Court Order re Motion for Preliminary approval | 0.3 |

## AQUINO v. CEVA
### Amy T. Wootton

| | | |
|---|---|---|
| 10/29/2015 | Prepare email to defense counsel re status of interactions re CAA's cost and the issue of the interst/non-interest bearing account, review email from Carlos Jimenez, telephone conference with Carlos Jimenez re his discussion with CAA (costs of $32,500 based on 2,500 people, versus 1,483 class members for a cost of $29,500), discussion re Court Minutes and filing Motion for Attorney fees during the Claims period, and preparing revised proposed order, finalize proposed order, prepare email to defense re same | 0.6 |
| 11/18/2015 | Review email from Carlos Jimenez re revising settlement stip and attached documents, revise and sign same and prepare reply email and review response | 0.3 |
| 12/2/2015 | Review email from Demery Ryan re status of the Amended proposed order re Notice re Correction to Joint Stipulation re Settlement, instructions to MB and prepare reply to Demery Ryan re same | 0.2 |
| 12/3/2015 | Telephone conference with MB re fact she left a message with the clerk re status of the Amended proposed and prepare email to defense counsel Demery Ryan re same | 0.2 |
| 12/7/2015 | Review email from Demery Ryan re status of the Amended proposed order and prepare reply re same, emails to MB re status | 0.3 |
| 12/8/2015 | Communicate with Demery Ryan and CAFA re notices, instructions to MB to follow up with the court re amended order re Notice re Correction to Joint Stipulation re Settlement, review email from Demery Ryan to Laura Ortiz at CAA re absence of Preliminary Approval Order and emailing notices, prepare email to Demery, defense counsel and Laura advising that my recollection is that she advised the Court that she would endeavor to obtain the class data sooner, but needed the outside date for protection, and advise that we will seek to obtain the Order from the Court, instructions to MB to contact clerk re obtaining signed amended Preliminary Approval Order, review Demery Ryan's reply confirming the same, review MB email advising the Court's instructions to submit a word version of the Amended Proposed Order, which she did | 0.8 |
| 12/11/2015 | Review email from Laura Ortiz at CAA re class data and workweeks calculations, prepare email to defense counsel re same, telephone conference with Demery Ryan re same and prepare email to Ms. Ortiz re our agreement with proposed approach | 0.4 |
| 12/15/2015 | Review email from Carlos Jimenez re discussion, prepare email to Mr. Jimenez re same, review email advising that the issue was already resolved | 0.2 |
| 12/23/2015 | Review email from Carlos Jimenez inquiring into whether we have received a response to our proposed amended Preliminiary Approval Order | 0.1 |

**AQUINO v. CEVA**
**Amy T. Wootton**

| | | |
|---|---|---|
| 12/28/2015 | Review email from Carlos Jimenez inquiring into whether we have received a response to our proposed amended Preliminary Approval Order, instructions to MB to folow up with court, review email from MB re same and that she will follow up with the court | 0.2 |
| 1/4/2016 | Instructions to MB to follow up with court re status of the Proposed Amended Preliminary Approval Order | 0.1 |
| 1/8/2016 | Confer with MB re her discussion with the Court and instructions to send email requsting tha tdefense participate in the process (since I'm in Jury Duty), review email from MB re fact that she left another message for the clerk (3rd time this week, along with several last week), and request that defense counsel should start calling also to see if we can get the ball moving, noting tha the Amended Proposed Order ws filed on 10/29 and copies were emailed to chambers as required on 10/29, 11/4 and 12/8, review response from Carlos Jimenez re same | 0.4 |
| 1/13/2016 | Review email to defense re Amended Proposed Order | 0.1 |
| 1/15/2016 | Prepare email to defense counsel advising that MB has submitted, resubmitted and called regarding the proposed amended order and fact that we may have more luck if both plaintiff's counsel and defense counsel are requesting action | 0.2 |
| 1/18/2016 | Review email from Carlos Jimenez agreeing to follow up with the Court | 0.1 |
| 1/19/2016 | Review email from Carlos Jimenez advising that he received a message from the Court's clerk, Wendy who need a word version of the amended proposed Order sent to the Judge's email address (VAP chambers@cacd.uscourts.gov), confer with MB re same, review email from MB advising that she has done so 4 different times and will again do so, review email to court attaching the word version of the proposed order | 0.3 |
| 1/20/2016 | Communicated with client | 0.2 |
| 1/25/2016 | Review email from Carlos Jimenez to the court advising that Pursuant to the voicemail he rieeve on January 19, 2016 from Wendy, the Parties are submitting a word version of the amended proposed Order | 0.1 |
| 2/2/2016 | Review email from Carlos Jimenez to the court inquiring into whether additional information is required, review Amended Order Granting Motion for Preliminary Approval by Judge Virginia A. Phillips | 0.2 |
| 2/3/2016 | Review email from Carlos Jimenez to Laura Ortiz attaching the signed Amended Order Granting Preliminary Approval, and request for the deadlines based on the attached Order and the terms of the Settlement Agreement, and request to confirm that CAA has received all necessary class data, review email to Matthew Pohl at CAA re same, prepare email to Carlos Jimenez, review email from Carlos Jimenez to Matthew Pohl | 0.3 |

## AQUINO v. CEVA
## Amy T. Wootton

| | | |
|---|---|---|
| 2/4/2016 | Review email from Matthew Pohl at CAA and detailed timeline, Class List Categories and Class List Questions, and email response from Carlos advising he will respond on Monday | 0.3 |
| 2/8/2016 | Review email from Carlos to Matt Pohl of CAA advising that he is generally ok with using the date the "questions" are resolved as the starting date, but we should shoot for the February 16, 2016 deadline, if possible, given that this data was provided to CAA some time ago. Re "Class List Categories", the file entitled CEVA Class List" pertains to the CEVA subgroup. The other three files are for the temps subgroup, and his agreement re suggested methods re duplicates | 0.2 |
| 2/10/2016 | Communicated with the claims administrator re proceeding with Notice and calculation of weeks for settlement proceeds | 0.2 |
| 2/11/2016 | Review and analysis of email from Laura Ortiz of CAA re proposed phone script and attached phone script, review email from Carlos Jimenez approving the same, prepare email to Laura Ortiz of CAA approving the phone script, review and analysis of email from Laura Ortiz of CAA re fact that they populated the appropriate dates and deadlines throughout the Notice, updated Notice and Claim Form, review email from Carlos Jimenez approving the same, prepare email to Laura Ortiz of CAA approving the Notice. | 0.6 |
| 2/24/2016 | Review email from Laura Ortiz from CAA re reminder postcard, review email from defense counsel approving the postcare, prepare email approving same | 0.4 |
| 2/25/2016 | Review email from Laura Ortiz from CAA re weekly updateds and inquiry re people who should be included on weekly emails, prepare email to Laura Ortiz re including MB and CJH | 0.4 |
| 3/1/2016 | Prepare email to defense counsel re CAA administration costs, prepare Notice of Motion for Attorneys' Fees and Costs | 1.1 |
| 3/3/2016 | Review email from Laura Ortiz from CAA re weekly updates. | 0.2 |
| 3/9/2016 | Prepare email to defense counsel attempting to confirm amount to be paid to CAA for claims administration, communicate with Carlos Jimenez re increase in price quote from CAA and need for declaration from them explaining the increase | 0.4 |
| 3/10/2016 | Review email from Laura Ortiz from CAA re weekly updates including 91 claim forms, and no opt-outs or objections to date, begin preparing Motion for Attorneys' Fees, Costs, Incentive Award and Claims Administration Costs, prepare email to Laura Ortiz requesting that she provide a declaration detailing CAA's experience and handling of such cases, the claims period, amount of valid claims to date, and the number of (hopefully absence of) objections and opt-outs, along with the calculation of the $33,500 | 3.4 |

## AQUINO v. CEVA
### Amy T. Wootton

| | | |
|---|---|---:|
| 3/17/2016 | Review email from Laura Ortiz re weekly updates including Status Report of Major Mailings, 115 claim forms, 25 incoming calls, and no objections or opt-outs | 0.2 |
| 3/21/2016 | Work on declaration in support of Motion for Atttorneys' Fees | 3.3 |
| 3/22/2016 | Review proposed declaration from Laura Ortiz and request that she provide additional information in support of their charges, and review response thereto | 0.4 |
| 3/24/2016 | review email from Laura Ortiz re weekly updates including Status Report of Major Mailings-The current net undeliverable reate is 3.23%; 139 claims forms - all of which we have considered valid and complete; received 32 incoming calls. | 0.1 |
| 3/29/2016 | Work on Motion for fees and costs, communicate with defense counsel and Laura Ortiz to confirm that the total amount of class members is 1,857 | 1.9 |
| 3/30/2016 | Finalize motion for fees and costs and references to declaration of Chris Hamner, prepare email to Laura Ortiz at CAA re including total number of class members to be included in her declaration and request for additional information, communicate with client and prepared client's declaration ISO of motions for attorneys' fees and final approval | 3.9 |
| 3/31/2016 | Review weekly reporting from Laura Ortiz re 176 valid claim forms, and no opt-outs requests or objections, prepare email to client re status and request to communication settlement periord to putative classs members, review email from Laura Ortiz re supplementing her declaration, prepare email to defense counsel re clarification on calculation of Settlement Payments fro Participating Class Members, legal research, prepare posed order Granting Motion for Attorney Fees, Costs, Incentive Award, and Settlement Administration Expenses | 2.9 |
| 4/1/2016 | Additional legal research to finalize motion for award of fees and costs, communicated with Laura Ortiz, prepare email to client re same, prepare detailed email to Laura Ortiz re information required for her declaration in order to support their request for payment, communicate with defense counsel re settlement and final approval, review email from Laura Ortiz and revised declaration, prepare email to Ms. Ortiz explaining the use of the declaration and need for information through the current date despite the fact that the claims period is still open and additional claims are expected, work on motion | 5.6 |

# AQUINO v. CEVA
## Amy T. Wootton

| | | |
|---|---|---|
| | Prepare Final Approval Motion and related documents, communicate with CAA re declaration in support of Final approval motion, prepare for and attend Final Approval Hearing, perform work to wrap up case including communicating with class members and working with settlement administrator on distribution and declaration re final disbursement to be submitted to the Court, conferring with co-counsel and defense counsel re potential issues re valid claims, and the acceptance of any late claims, disposition of confidential information | |
| 4/4/2016 | Review email from Laura Ortiz and attached Declaration of Laura Ortiz Regarding Notice and Claims, and finalize Motion for Attorneys' Fees Costs, Incentive Award and Settlemen Administration Costs, communicate with client via telephone and email (not 3.6 bc I did not work yesterday) | 3.9 |
| 4/5/2016 | Communicated with defense counsel re declaration needed from them re CAFA notice, begin preparing Motion for Final Approval | 3.8 |
| | Anticipated: Fnalize Motion for Final Approval and related documents, prepare for and attend Final Approval Hearing, perform work to wrap up case including communicating with class members and working with settlement administrator on distribution and declaration re final disbursement to be submitted to the Court, conferring with co-counsel and defense counsel re potential issues re valid claims, and the acceptance of any late claims, disposition of confidential information | 15.0 |
| | **TOTAL HOURS** | 247.2 |

# EXHIBIT 4

Aquino v. CEVA – Cost Sheet

| Description | Amount |
|---|---|
| Filing fee, summons and complaint | $1,532.95 |
| Service of process re Summons and Complaint | $110.85 |
| Mediation with Joel Grossman | $4,025.00 |
| Overnight Express | $438.75 |
| Mileage | $277.80 |
| Parking fees | $47.50 |
| A. Platts, paid consultant | $13,000 |
| Travel, lodging expenses for consultant | $2,000 |
| Legal Research | $750.00 |
| Copying and printing: 7,169 pages x $0.25 | $1,792.25 |
| Postage | $114.80 |
| **TOTAL** | **$24,089.90** |